MARC N. BERNSTEIN (SBN 145837)
Email: mbernstein@blgrp.com
SUSAN S. BORANIAN (SBN 173788)
Email: sboranian@blgrp.com
THE BERNSTEIN LAW GROUP, P.C.
555 Montgomery Street, Suite 1650
San Francisco, CA  94111
Telephone: (415) 765-6633
Facsimile: (415) 283-4804

Attorneys for Plaintiff,
BERENICE BRACKETT

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BERENICE BRACKETT,<br><br>    Plaintiff,<br><br>vs.<br><br>HILTON HOTELS CORPORATION, a Delaware Corporation, HILTON SUPPLY MANAGEMENT, INC., a Delaware Corporation, KEVIN A. BARRY, an individual, KEVIN BARRY FINE ART ASSOCIATES, a California Corporation, JOHN or JANE DOES 1-100, individuals of presently unknown identity, and ABC CORPORATIONS 1-300, corporations of presently unknown identity,<br><br>    Defendants. | Case No.<br><br>**COMPLAINT FOR COPYRIGHT INFRINGEMENT, REMOVAL OF COPYRIGHT MANAGEMENT INFORMATION, AND TORTIOUS INTERFERENCE**<br><br>**DEMAND FOR JURY TRIAL** |

        This is a copyright infringement case.  Several years ago two of the defendants

requested but were denied permission to mass-produce the plaintiff's copyrighted

paintings.  Despite having been refused permission, the defendants made the copies

anyway.  They stripped plaintiff's name from limited-edition prints they had

purchased, made tiny changes to them (such as transposing an apple and a calla lily

in the background of a still life), then mass-produced copies for distribution to Hilton hotels across America.  Hilton's web pages show hundreds, if not thousands, of illegal copies of plaintiff's copyrighted artwork hanging in the hotel rooms of Hilton hotels nationwide.

Accordingly, for her complaint against the defendants, plaintiff Berenice Brackett now alleges as follows.

## JURISDICTION

1.    The Court has subject-matter jurisdiction under 28 U.S.C. §§ 1331, 1338(a) & 1338(b). At least one claim arises under the copyright laws of the United States, 17 U.S.C. §§ 101 *et seq.*, and under 28 U.S.C. § 2201.

2.    The Court has supplemental jurisdiction under 28 U.S.C. § 1367.  The state and federal claims both involve the same case or controversy.

## VENUE

3.    Venue is proper in this district under 28 U.S.C. § 1391(b)(2) because the copyrighted materials that were infringed were appropriated for copying from this district, the contracts and business relations the defendants interfered with were and will be entered and performed in this district, and the copyrights infringed in this case are owned by and registered to a resident of this district.

## INTRADISTRICT ASSIGNMENT

4.    This is an intellectual property action.

## THE PARTIES

5.    Plaintiff Berenice (Brennie) Brackett is an individual who lives in Sonoma County, California.  Ms. Brackett was and is a citizen of the United States.

Complaint for Copyright Infringement, Removal of CMI, and Tortious Interference

6.      Defendant Hilton Hotels Corporation (Hilton) is an international hospitality company incorporated under the laws of Delaware, registered to do business in California, and having worldwide headquarters at 9336 Civic Center Drive, Beverly Hills, California.

7.      Defendant Hilton Supply Management, Inc. (Hilton Supply) is a Hilton subsidiary.  Hilton Supply is incorporated under the laws of Delaware, registered to do business in California and, like Hilton, headquartered at 9336 Civic Center Drive, Beverly Hills, California.

8.      Defendant Kevin A. Barry is an individual residing in California.

9.      Defendant Kevin Barry Fine Art Associates is a California corporation with a business address of 8210 Melrose Avenue, Los Angeles, California.

10.      Defendants John or Jane Does 1-100 are individuals whose names and identities Ms. Brackett does not presently know, but who, on information and belief, committed or facilitated the copyright infringement and other acts or omissions alleged below.  For example, as-yet unknown individual defendants—including individual employees, officers, contract artists, or agents of Hilton, Hilton Supply, Mr. Barry, or Kevin Barry Fine Art Associates—may have made the actual copies of Ms. Brackett's copyrighted works.  Others may have been the ones who posted copyrighted images to the Hilton websites.  Ms. Brackett will add the names and identities of these Doe defendants when she learns them.

11.      Defendants ABC Corporations 1-300 are corporations whose names Ms. Brackett does not presently know, but which, on information and belief, committed or facilitated the copyright infringement and other acts or omissions alleged below.  For example, as-yet unknown corporations—including Hilton subsidiaries, Hilton affiliates, or Hilton franchisees—may have duplicated, distributed, publicly displayed, or created derivative works of Ms. Brackett's

Complaint for Copyright Infringement, Removal of CMI, and Tortious Interference

copyrighted works.  Ms. Brackett will add the names and identities of these ABC Corporation defendants when she learns them.

THE FACTS

12.     Brennie Brackett is a professional artist who lives and works in Sonoma County, California.  Among many other works of original art, Ms. Brackett authored in 2002 and 2003 three original pastel paintings entitled *Falling Into Place*, *Winter's Velvet*, and *Great Expectations*.  A color reproduction of each work appears in Exhibit A.

13.     Ms. Brackett is and has always been the sole owner of all right, title, and interest in the copyrights in the three artworks.  All three have been registered with the U.S. Copyright Office, with registration numbers VA 1-627-549 (*Great Expectations*), VA 1-627-551 (*Winter's Velvet*), and VA 1-627-553 (*Falling Into Place*).  Ms. Brackett has complied in all respects with the copyright laws of the United States applicable to these works, including deposit requirements.

14.     In addition to selling original pastel paintings, Ms. Brackett authorizes the sale of limited-edition "giclées" of her work.  A giclée is a high-quality, digital print of fine art.  The giclée prints are sold in runs of no more than 150 copies, each hand-signed by Ms. Brackett and with a notation of its order within the limited print run.  For example, the fifteenth giclée sold in a limited-edition run of 150 would bear the notation, "15/150," followed by Ms. Brackett's signature.

15.     Two or more years ago, defendant Kevin A. Barry, an art dealer, acting through his company, Kevin Barry Fine Art Associates, purchased three of Ms. Brackett's giclées.  He bought one giclée each of *Falling Into Place*, *Winter's Velvet*, and *Great Expectations*.

16.     Around the time Mr. Barry and his company bought the three giclées, he inquired whether Ms. Brackett would be willing to sell his company large

quantities of her artwork.  Mr. Barry was told Ms. Brackett was not interested, and he was denied permission to make any purchases, sales, or displays of her art.

17.     Mr. Barry decided to copy and sell the images anyway.  Acting, on information and belief, with the knowledge and approval of Hilton and the other defendants, he (or they and he) made (or had made) large numbers of reproductions of Ms. Brackett's works.  Mr. Barry then sold the copies to Hilton or related companies.  Ms. Brackett is aware of at least 934 such copies having been made and sold to Hilton Supply; but more copies may have been made or sold.  The copies were then resold to others, including, in particular, franchisees of the "Homewood Suites" Hilton hotel brand.

18.     Homewood Suites is a large and rapidly-growing division within Hilton, catering to extended-stay travelers.  Ms. Brackett's artwork began to appear on the walls of Homewood Suites hotel rooms across the United States.  In some cases a Homewood Suites hotel would have a hundred or more identical rooms, each one featuring one to two duplicates of Ms. Brackett's copyrighted works.  The works also appeared on Homewood Suites websites.

19.     Ms. Brackett learned of this copyright infringement only recently, when she saw her artwork on the web pages of Hilton's Homewood Suites division. *Falling Into Place*, *Winter's Velvet*, and *Great Expectations* each appeared on Homewood Suites web pages advertising model rooms for purchase by franchisees.  And at least two of the paintings appeared on the web pages of individual Homewood Suites hotels.  The hotels offer a "virtual tour" feature that allows prospective guests to see photographs of actual hotel rooms at that particular Homewood Suites hotel.  The paintings were visible on the web pages that showed images of the hotel rooms.  Given the number of individual Homewood Suites hotels whose photographs depict Ms. Brackett's artwork hanging in actual hotel rooms, and the large number of identical rooms at individual Homewood Suites hotels, it appears that hundreds or

Complaint for Copyright Infringement, Removal of CMI, and Tortious Interference

1    even thousands of unauthorized copies of Ms. Brackett's works are hanging in

2    Homewood Suites hotel rooms across the United States.  Attached as Exhibit B to this

3    complaint are copies of Ms. Brackett's work as they have been found on actual

4    Homewood Suites web pages, whether those depicting model hotel rooms or those

5    offering virtual tours of rooms.

6    　　　　20.　　The defendants made two notable changes to Ms. Brackett's works,

7    each suggesting knowledge of the culpability of their acts.  First, they removed

8    Ms. Brackett's name and the limited-edition print number from all of the prints.

9    Second, they made subtle alterations to one or more of the paintings.  For example, in

10   the reproduction of *Great Expectations*, the same subject matter is featured in the same

11   colors, lighting, texture, and tone.  But in the background, an apple and a calla lily

12   have been transposed.  (*Compare Great Expectations* in attached Exhibit A *with*

13   Unauthorized Hilton Reproduction of *Great Expectations* in attached Exhibit B.)

14   　　　　21.　　On information and belief, in committing the acts or omissions alleged

15   in this complaint, each defendant conspired with and aided and abetted each other,

16   and each acted as the agent of each other.  Further, on information and belief each

17   individual defendant acted as the employee of each other defendant on whose behalf

18   or at whose direction he or she committed the acts or omissions alleged here; and did

19   so within the scope and course of his or her employment, and with the knowledge

20   and permission of his or her employer(s), whether tacit or express; and acted under

21   the authority, whether ostensible or actual, of his or her employer(s) or principal(s),

22   such that the employees' acts or omissions are attributable to their employers, who

23   are liable for them.

24

25

26

27

Complaint for Copyright Infringement, Removal of CMI, and Tortious Interference

FIRST CAUSE OF ACTION
Copyright Infringement
(Against All Defendants)

22.     Ms. Brackett incorporates paragraphs 5 through 21 of this complaint as though fully set forth here.

23.     By, among other things, duplicating, distributing, publicly displaying, and/or creating derivative works of *Falling Into Place*, *Winter's Velvet*, and *Great Expectations*, the defendants, and each of them, have infringed Ms. Brackett's copyrights in violation of the copyright laws of the United States, 17 U.S.C. § 101, *et seq*.

24.     The defendants have also contributorily and vicariously infringed Ms. Brackett's copyrights in *Falling Into Place*, *Winter's Velvet*, and *Great Expectations*.

25.     The defendants' acts of direct, vicarious, and contributory infringement were intentional, willful, and malicious, and performed with knowledge that the works they or others were copying, selling, or publicly displaying belonged to Ms. Brackett.  They were also done in reckless disregard of Ms. Brackett's rights.

26.     The natural, probable, proximate, and foreseeable result of defendants' wrongful conduct was to damage Ms. Brackett, and to garner profits for themselves.

27.     Ms. Brackett is entitled to disgorge these profits, and recover her actual damages, all in an amount to be determined at trial.  Ms. Brackett is also entitled to a permanent injunction to prohibit continuing or future infringement of her rights.

SECOND CAUSE OF ACTION
Removal Or Alteration Of Copyright Management Information
(Against All Defendants)

28.     Ms. Brackett incorporates paragraphs 5 through 27 of this complaint as though fully set forth here.

29.     Without Ms. Brackett's permission or authority, and in violation of the law, the defendants intentionally removed or altered copyright management

information contained on *Falling Into Place*, *Winter's Velvet*, and/or *Great Expectations*. 17 U.S.C. § 1202(b)(1).

30.     As a natural, probable, proximate, and foreseeable result of defendants' wrongful conduct, Ms. Brackett suffered damages.  She is entitled either to (1) her actual damages and disgorgement of the defendants' profits, or (2) to statutory damages, at her election.  She is also entitled to attorneys' fees.  17 U.S.C. § 1203 (c).

THIRD CAUSE OF ACTION
Intentional Interference With
Prospective Economic Relations
(Against All Defendants)

31.     Ms. Brackett incorporates paragraphs 5 through 30 of this complaint as though fully set forth here.

32.     As noted above, Ms. Brackett authorized the sale of certain of her paintings as limited edition giclée prints.  A defining feature of limited edition prints is that their number is limited.  Ms. Brackett's giclées are sold in runs of no more than 150 prints.  Customers who buy the prints understand that they are buying a print of which there exist only 150 or fewer copies.  For some customers, this is a factor in buying the print at the price asked.  Ms. Brackett's economic relationship with her current and future customers thus depends on being able to assure them that her limited edition prints are in fact limited in number.

33.     The defendants know this.  Kevin Barry is a sophisticated art buyer who runs a Beverly Hills art dealership that sells art in large quantities to, among other customers, an international hotel chain.  He understood, when he bought three limited edition giclées on which were handwritten the words, "21/150 Brennie Brackett," (or whatever print numbers they bore), that there would be no more than 150 such giclées made.  And, on information and belief, Hilton and its agents and personnel also knew it.  The agents and personnel worked closely with Mr. Barry to

Complaint for Copyright Infringement, Removal of CMI, and Tortious Interference

1   design and approve the model hotel rooms Hilton created as walk-in examples for

2   potential hotel franchisees.  All three of the original Brennie Brackett giclées hung

3   (and may still hang) in these model rooms, and, as noted, each giclée features

4   Ms. Brackett's name and the print number.  Yet when Hilton wanted large quantities

5   of the prints to install in actual hotel rooms, Ms. Brackett's name and the print

6   numbers were stripped off the prints.

7         34.    In mass-producing prints they knew Ms. Brackett to be selling as

8   limited editions, the defendants knew they would inevitably be interfering with and

9   disrupting the economic relationship Ms. Brackett enjoyed with her customers and

10  potential customers.  They nevertheless pushed forward with their plans.  They

11  pushed forward even though Mr. Barry had specifically been told he was not

12  authorized to sell the prints.  And they pushed forward even though the copying,

13  distribution, and display of the works were clear violations of U.S. copyright law.

14        35.    On information and belief, and as expected, the market for

15  Ms. Brackett's giclées suffered.

16        36.    As a natural, probable, proximate, and foreseeable result of defendants'

17  conduct, Ms. Brackett suffered damages in an amount to be proved at trial.  In

18  addition, the defendants' wrongful, willful, and malicious conduct entitles Ms.

19  Brackett to punitive damages.

20

21                      FOURTH CAUSE OF ACTION
          Intentional Interference With Contractual Relations

22                  (Against All Defendants)

23        37.    Ms. Brackett incorporates paragraphs 5 through 36 of this complaint as

24  though fully set forth here.

25        38.    Ms. Brackett has a contractual relationship with her customers, under

26  which she sells giclée prints as limited edition runs, and her customers buy them on

27  the understanding that they will be limited in number.

39.    As noted above, Kevin Barry and the other defendants knew that the artwork they mass-produced and sold was sold by Ms. Brackett as limited-edition prints.  The defendants thus knew that they were interfering with and frustrating the contractual relationship Ms. Brackett had with her existing customers.  Nevertheless, the defendants intentionally mass-produced and distributed copies of these works.  The inevitable result was an increase in both the burden and expense to Ms. Brackett as she sought to keep her commitments to her customers.

40.    In addition, Mr. Barry and Hilton have each rebuffed Ms. Brackett's pre-litigation efforts to resolve this dispute, with Hilton refusing even to say whether in response to Ms. Brackett's demand letter it will agree to take down and destroy all copies of Ms. Brackett's work (save for representative samples for evidentiary purposes).

41.    As a natural, probable, proximate, and foreseeable result of the defendants' conduct, Ms. Brackett has suffered damages in an amount to be determined at trial, including her burden and expense in having been forced to bring this lawsuit.

42.    In addition, the defendants' wrongful, willful, and malicious conduct entitles Ms. Brackett to punitive damages.

Complaint for Copyright Infringement, Removal of CMI, and Tortious Interference

1

<u>PRAYER FOR RELIEF</u>

2
Brennie Brackett prays:

3
1.      That defendants be required to deliver up for impounding during the

4
pendency of this action all copies in their possession, custody, or control of *Falling*

5
*Into Place*, *Winter's Velvet*, and *Great Expectations*; and that such items be ordered

6
destroyed following judgment in this case.

7
2.      That defendants be required to deliver up for impounding during the

8
pendency of this action all originals or copies in their possession, custody, or control

9
of any computer files, scans, plates, press sheets, proofs, images, or other print

10
materials used or that could be used in the production of copies of *Falling Into Place*,

11
*Winter's Velvet*, or *Great Expectations*; and that such items be ordered destroyed

12
following the judgment in this case.

13
3.      For judgment against the defendants, and each of them, jointly and

14
severally, as follows:

15
a.  for copyright damages, including Ms. Brackett's actual damages and

16
the defendants' profits;

17
b.  for permanent injunctive relief prohibiting all defendants from further

18
acts of copyright infringement;

19
c.  for actual or statutory damages, at Ms. Brackett's election, for the

20
defendants' removal or alteration of copyright management

21
information;

22
d.  for tort damages for the defendants' interference with Ms. Brackett's

23
contracts and prospective economic relations;

24
e.  for punitive damages;

25

26

27

Complaint for Copyright Infringement, Removal of CMI, and Tortious Interference

1          f.   for Ms. Brackett's costs and attorneys' fees; and

2          g.   for such other and further relief as the Court deems just and proper.

3

4    RESPECTFULLY SUBMITTED,

5

6    DATED:  April 22, 2008                    THE BERNSTEIN LAW GROUP, P.C.

7

8                                              By:  _____  /s/ _____

9                                                       Marc N. Bernstein

10                                             Attorneys for Plaintiff

11                                             BERENICE BRACKETT

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

Complaint for Copyright Infringement, Removal of CMI, and Tortious Interference

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27

DEMAND FOR JURY TRIAL

Berenice Brackett hereby demands a jury trial on all issues so triable.  Fed. R. Civ. P. 38.


THE BERNSTEIN LAW GROUP, P.C.

By:  _____/s/_____
                    Marc N. Bernstein


Attorneys for Plaintiff
BERENICE BRACKETT

Complaint for Copyright Infringement, Removal of CMI, and Tortious Interference

# EXHIBIT A



*Falling Into Place*, Copyright 2003 by Brennie Brackett



*Winters Velvet*, Copyright 2002 by Brennie Brackett



*Great Expectations*, Copyright 2002 by Brennie Brackett

EXHIBIT B



Hilton Reproduction of *Falling Into Place*



Hilton Reproduction of *Winters Velvet*



Hilton Reproduction of *Great Expectations*