Thomas J. Speiss, III (Bar No. 200949)
VENABLE LLP
2049 Century Park East, Suite 2100
Los Angeles, California 90067
Telephone: (310) 229-9906
Facsimile: (310) 226-9901
tspeiss@venable.com

Counsel for Defendants HILTON HOTELS CORP.,
HILTON SUPPLY MANAGEMENT, INC., KEVIN A. BARRY,
and KEVIN BARRY FINE ART ASSOCIATES

# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF CALIFORNIA
# SAN FRANCISCO DIVISION

| | |
|---|---|
| BERENICE BRACKETT,<br><br>    Plaintiff,<br>vs.<br><br>HILTON HOTELS CORP., et al.,<br><br>    Defendants. | Case No. C08-2100-WHA<br><br>**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF DEFENDANTS' MOTION TO DISMISS OR TRANSFER FOR IMPROPER VENUE; OR, IN THE ALTERNATIVE, TO TRANSFER FOR CONVENIENCE; AND MOTION TO DISMISS COUNTS III AND IV FOR FAILURE TO STATE A CLAIM**<br><br>Motion Date: June 19, 2008<br>Time: 8 a.m.<br>Courtroom: 9, 19th Floor<br>Judge: Hon. William H. Alsup |

# TABLE OF CONTENTS

Page(s)

I.  Background ...................................................................................................................... 1

II. Argument ......................................................................................................................... 1

    A.   This Action Must be Dismissed or Transferred To The Central District of California ................................................................................... 1

        1.   Venue in This District Is Not Proper Under The Federal Copyright Statute, 28 U.S.C. § 1400(a), Which Is Narrowly Tailored. ................................................................................................... 1

        2.   Venue Is Not Proper In This District Because The Defendants Do Not Reside In The Northern District of California .................................................................................................... 3

        3.   The Central District is a More Convenient Forum For The Parties and Witnesses. ............................................................................... 5

            a.   Convenience and Fairness Factors ......................................... 5

            b.   Factors Concerning The Interests of Justice ........................... 8

    B.   Counts III and IV Should Be Dismissed. ......................................................... 9

        1.   Rule 12(b)(6) Legal Standard ............................................................... 9

        2.   Counts III and IV Should Be Dismissed Because They Are Based on Nothing More Than Defendants' Alleged Copyright Infringement ................................................................. 10

III. Conclusion ................................................................................................................... 12

VENABLE LLP
2049 CENTURY PARK EAST, SUITE 2100
LOS ANGELES, CA 90067
310-229-9900

# TABLE OF AUTHORITIES

**Page(s)**

Cases

*Aagard v. Palomar Builders, Inc.*, 344 F.Supp.2d 1211 (E.D. Cal. 2004) .................... 9, 12

*AEC One Stop Group, Inc. v. CD Listening Bar, Inc.*, 326 F.Supp.2d 525
 (S.D.N.Y. 2004).................................................................................................... 6, 7

*AV Media, PTE, Ltd v. Omnimount Sys., Inc.*, No. 06-3805, 2006 U.S. Dist.
 Lexis 76106, at *7 (N.D. Cal. Oct. 5, 2006) ................................................................ 8

*Blue Compass Corp. v. Polish Masters of Am.*, 777 F.Supp. 4, 5 (D. Ver.
 1991)........................................................................................................................ 3, 4

*Botkin v. Safeco Ins. Co. of Am., Inc.*, No. 03-246-WHA, 2003 U.S. Dist.
 Lexis 6293, at *7 (N.D. Cal. April 14, 2003)............................................................. 7, 9

*Carolina Casualty Co. v. Data Broadcasting Corp.*, 158 F.Supp.2d 1044
 (N.D. Cal. 2001) ........................................................................................................ 9

*City of Rome v. United States*, 446 U.S. 156 (1980) ......................................................... 2

*Columbia Picture Television v. Krypton Broadcasting of Birmingham, Inc.*,
 106 F.3d 284 (9th Cir. 1997) ..................................................................................... 3

*Conley v. Gibson*, 355 U.S. 41 (1957) ............................................................................... 9

*David v. Alphin*, No. 06-04763-WHA, 2007, U.S. Dist. Lexis 3095, at *6
 (Jan. 4, 2007) ............................................................................................................ 5

*Downing v. Abercrombie & Fitch*, 265 F.3d 994 (9th Cir. 2001)....................................... 11

*Erlenbaugh v. United States*, 409 U.S. 239 (1972)............................................................ 2

*Expert Microsys., Inc. v. Smartsignal Corp.*, No. 06-709, 2006 U.S. Dist.
 Lexis 74045, at *10 (E.D. Cal. Oct. 11, 2006) ...................................................... 6, 7, 8

*Gulf Oil Co. v. Gilbert*, 330 U.S. 501 (1947) ...................................................................... 7

*Harper & Row, Publishers, Inc. v. Nation Enters.*, 501 F. Supp. 848
 (S.D.N.Y. 1980)...................................................................................................... 9, 10

*Jenkins v. McKeithen*, 395 U.S. 411 (1969) ..................................................................... 10

*Laws v. Sony Music Entm't, Inc.*, 448 F.3d 1134 (9th Cir. 2006) .................................... 10

*Lung v. Yachts Int'l, Ltd.*, 980 F. Supp. 1362 (D. Hawaii 1997) ......................................... 8

*Milwaukee Concrete Studios, Ltd. v. Fjeld Mfg. Co.*, Inc., 8 F.3d 441
 (7th Cir., 1993)........................................................................................................... 4

VENABLE LLP
2049 CENTURY PARK EAST, SUITE 2100
LOS ANGELES, CA 90067
310-229-9900

*Miracle Blade, LLC v. EBrands Commerce Group, LLC*, 207 F.Supp.2d 1136 (D. Nev. 2002) .................................................................................... 6, 7

*Multistate Legal Studies, Inc. v. Marino*, No. 96-5118, 1996 WL 786124, at *9 n.11 (C.D. Cal., Nov. 4, 1996) .................................................................. 4

*Pac. Car and Foundry Co. v. Pence*, 403 F.2d 949 (9th Cir. 1968) .................................. 7

*Pacific Car and Foundry Co. v. Hon. Martin Pence*, 403 F.2d 949 (9th Cir. 1968) ........................................................................................................... 8

*Sinochem Int'l Co. v. Malaysia Int'l Shipping Corp.*, 127 S. Ct. 1184 (2007) ..................... 5

*Stewart Org., Inc. v. Ricoh Corp.*, 487 U.S. 22 (1988) ....................................................... 5

*Wham-O, Inc. v. SLB Toys USA, Inc.*, No. 06-04551, 2006 U.S. Dist. Lexis 74768, at *6 (N.D. Cal. Oct. 3, 2006) ............................................................... 6

*Zen Again Productions v. Naturally Dana Point, et al.,* Case No. CV 01793-CRB (N.D. Cal., Aug. 20, 1999) ................................................................ 4

*Zeta-Jones v. the Spice House*, 372 F.Supp.2d 568 (C.D. Cal. 2005) ............................. 6

<u>Statutes</u>

17 U.S.C. § 102 .................................................................................................................. 11

17 U.S.C. § 103. ................................................................................................................. 11

17 U.S.C. § 106 .................................................................................................................. 11

17 U.S.C. § 301 ............................................................................................................. 9, 10

28 U.S.C. § 1391 .........................................................................................................passim

28 U.S.C. § 1400(a) .....................................................................................................passim

28 U.S.C. § 1400(b) ............................................................................................................ 2

28 U.S.C. § 1404(a) ........................................................................................................ 3, 5

U.S. Const. Art. VI, cl.2 .................................................................................................... 10

<u>Treatises</u>

5B C.A. Wright & A.R. Miller, Federal Practice and Procedure § 1357 640 (3d ed. 2004) ................................................................................................. 10

Nimmer on Copyrights § 1.01 .......................................................................................... 12

## I. Background

Plaintiff Berenice Brackett ("Plaintiff") initiated this action on April 22, 2008, in which she alleges claims under Federal copyright law and California state law. The Complaint, however, fails to allege proper venue, improperly basing venue on 28 U.S.C. § 1391(b)(2), rather than on the Federal copyright venue statute, 28 U.S.C. § 1400(a), which requires that a Complaint be filed in the district where the defendants reside.

Furthermore, the Complaint fails to allege a state law claim that is not preempted by Federal copyright law. Counts III and IV of the Complaint allege state law claims for intentional interference with prospective economic relations and intentional interference with contractual relations. Both claims are explicitly based upon Defendants' alleged "copying, distribution, and display of the works [in] clear violations of U.S. copyright laws" and on the allegation that they "intentionally mass-produced and distributed copies of these works." Compl. at ¶¶ 34, 39.

## II. Argument

### A. This Action Must be Dismissed or Transferred To The Central District of California.

This action must be dismissed or transferred to the Central District of California because Federal copyright law requires that copyright infringement claims be brought in the district where Defendants are located. In addition, the Central District of California is a more convenient forum for the defendants and witnesses.

#### 1. Venue in This District Is Not Proper Under The Federal Copyright Statute, 28 U.S.C. § 1400(a), Which Is Narrowly Tailored.

Since 1948, Congress has mandated that venue for copyright claims is limited. Federal law has a specific, narrowly-tailored provision for venue for copyright infringement claims, 28 U.S.C. § 1400(a), which must be followed in order for a Court to have jurisdiction. This provision requires that a copyright infringement suit be brought in "the district in which the defendant or his agent resides or may be found." It states:

> Civil actions, suits, or proceedings arising under any Act of Congress relating to copyrights or exclusive rights in mask works or designs may be instituted in the district in which the <u>defendant</u> or his agent <u>resides</u> or may be <u>found</u>.

28 U.S.C. § 1400(a) (2008) (emphasis added).  In disregard of this statute, Plaintiff alleged venue under the general venue statute, 28 U.S.C. § 1391(b)(2), which <u>does not govern</u> her copyright infringement claims and governs venue generally.

It is important to compare and contrast the statutory language contained in this specific Federal venue statute with that of more general Federal venue statutes, such as 28 U.S.C. § 1391(b)(2) and 28 U.S.C. § 1400(b).  Under 28 U.S.C. § 1391, <u>general claims</u> can be brought "(1) ... where any defendant resides ..., (2) district in which a substantial part of the events or omissions giving rise to the claim occurred ..., *or* (3) district in which defendant may be found...." 28 U.S.C. § 1391(b) (2008) (emphasis added).  Under 28 U.S.C. § 1400(b), a plaintiff may bring patent infringement claims in any "district where the defendant resides *or* ... has committed acts of infringement *and* has a regular and established place of business." 28 U.S.C. § 1400(b) (2008) (emphasis added).  In comparison, under 28 U.S.C. § 1400(a), the language allowing venue based on a substantial part of the events, which is included in both 28 U.S.C. § 1391(b) and 28 U.S.C. § 1400(b), is specifically and pointedly omitted from 28 U.S.C. § 1400(a).

28 U.S.C. § 1391(b) and 28 U.S.C. § 1400(b), on their face, are much broader than 28 U.S.C. § 1400(a), which clearly narrows a plaintiff's choice of venues for copyright infringement claims.  *See Erlenbaugh v. United States*, 409 U.S. 239, 243, 245 (1972) (noting that it is a well settled principle of statutory construction that statutes that address the same subject matter or have the same function should be construed in the same manner). The lack of any specific language within 28 U.S.C. § 1400(a) basing venue premised upon a defendant's <u>acts of infringement</u> indicates that venue for copyright infringement claims cannot properly be based on allegations other than the location of Defendants.  *See City of Rome v. United States*, 446 U.S. 156, 199-200 (1980) (holding that when the language of a statute is "clear and unambiguous" the words are presumed to be used in their "ordinary and usual manner").

Therefore, because the plaintiff makes no allegation that its venue is based upon 28 U.S.C. § 1400(a), which governs Federal copyright infringement claims, the Complaint must

be dismissed or transferred to the Central District of California, as more thoroughly discussed below.

### 2. Venue Is Not Proper In This District Because The Defendants Do Not Reside In The Northern District of California.

Under 28 U.S.C. § 1400(a), venue in the Northern District of California is not statutorily proper because the Complaint does not allege that all of the Defendants reside within the Northern District or can be found there. Rather, Plaintiff alleged venue under the general venue statute, 28 U.S.C. § 1391(b)(2), which <u>does not govern</u> her copyright infringement claims.

Specifically, Plaintiff's allegations to support venue concern solely Plaintiff's location in the district and the location of the copyright works in the district. Plaintiff makes no allegation that Defendants reside or may be found in the Northern District. The Ninth Circuit has held that "[v]enue under 29 U.S.C. § 1400(a) is proper in any judicial district in which the defendant would be amenable to personal jurisdiction if the district were a separate state." *Columbia Picture Television v. Krypton Broadcasting of Birmingham, Inc.*, 106 F.3d 284, 289 (9th Cir. 1997) (rev'd on other ground). Under this evaluation, venue is appropriate in the Central District and inappropriate in the Northern District because, based on the allegations in the Complaint, there is personal jurisdiction in the Central District over all of the Defendants and not in the Northern District, for the following reasons.

*First*, Plaintiff <u>admits</u> that Defendants do not reside in the Northern District and cannot be found there. *See* Compl. at ¶ 6 (alleging that Hilton Hotels Corp. conducts business from Beverly Hills, California, which is located within the Central District); *id.* at ¶ 7 (alleging that Hilton Supply Management, Inc. also conducts business from Beverly Hills)*;* and, *id.* at ¶ 9 (alleging that Kevin Barry Fine Art Associates is a California corporation that conducts business from an enclave of Los Angeles, known locally as the Westside, that is adjacent to Beverly Hills and part of the Central District). If the Defendants do not reside in and may not be found within the Northern District then it is the wrong jurisdiction in which to sue Defendants for copyright infringement. *See Blue Compass Corp. v. Polish Masters of Am.*,

777 F.Supp. 4, 5 (D. Ver. 1991) (defendant, a resident of the Central District of California, could not be sued for copyright infringement in Vermont based upon his residence and his conducting of business from California and not from Vermont).

*Second*, Plaintiff does not allege any actions by the Defendants that took place in the Northern District. According to the Complaint, Defendant Barry, who does business in Beverly Hills, copied images. Compl., ¶ 17. The Complaint then states that the Hilton Defendants are guilty of knowing and approving of Mr. Barry's decision to purportedly copy and sell the infringing artwork, subsequently buying those copies, and perhaps selling them to franchisees. *Id.* at ¶ 17. None of these acts are alleged to have occurred in the Northern District. In fact, it is impossible that any purchase of artwork by the Beverly Hills-based Hilton Defendants from the Los Angeles-based Barry would have taken place in San Francisco, by the mere fact that their business operations — 9336 Civic Center Drive and 8210 Melrose Avenue — are a mere 2.09 miles apart in the Westside section of Los Angeles, with a total travel time of 6 minutes. *See, id.*, ¶¶ 6, 7, and 9. It is quite clear that any activities that are alleged to have taken place took place squarely within the Central District, within the 2.09 square-mile radius where all of the defendants reside.

*Third*, even if the Complaint is amended to allege a basis for personal jurisdiction, venue would still not be proper. In order for venue to be proper the Court must determine that Defendants "possess[] contacts with the particular federal district in which the copyright action has been filed, above and beyond the court's finding of personal jurisdiction, before the requirements of the copyright venue provision are satisfied." *Multistate Legal Studies, Inc. v. Marino*, No. 96-5118, 1996 WL 786124, at *9 n.11 (C.D. Cal., Nov. 4, 1996); *see also Zen Again Productions v. Naturally Dana Point, et al.,* Case No. CV 01793-CRB (N.D. Cal., Aug. 20, 1999) (copyright action transferred from the Northern District of California to the Central District of California based upon improper venue). Defendants must be amenable to service in the Northern District "to meet the venue requirements of § 1400(a)." *Milwaukee Concrete Studios, Ltd. v. Fjeld Mfg. Co.*, Inc., 8 F.3d 441, 446 (7th Cir., 1993).

Here, Plaintiff *cannot* meet this burden. None of the alleged actions that give rise to Plaintiff's claims occurred in the Northern District – all of the operative facts are in the Central District, and none of the Defendants are located in the Northern District, and cannot be served there. For these reasons, venue in this district is not proper. This action must be transferred to the Central District of California and this case should be transferred there because all of the Defendants reside within that judicial district.[1] Plaintiff's allegation of venue is deficient because she alleges venue under the wrong statute, 28 U.S.C. § 1392(b)(2), which <u>does not govern copyright claims</u>. Therefore, as a result, the allegations made by the Plaintiff to support venue in the Northern District are inadequate.

### 3. The Central District is a More Convenient Forum For The Parties and Witnesses.

The Court has discretion to transfer a civil action to another district "[f]or the convenience of the parties and witnesses [or] in the interest of justice." 28 U.S.C. § 1404(a) (2008). The Court can "'adjudicate motions for transfer according to an individualized, case-by-case consideration of convenience and fairness.'" *David v. Alphin*, No. 06-04763-WHA, 2007, U.S. Dist. Lexis 3095, at *6 (Jan. 4, 2007) (*quoting Stewart Org., Inc. v. Ricoh Corp.*, 487 U.S. 22, 29 (1988)).

#### a. Convenience and Fairness Factors

In determining which district is most convenient and fair, the Court should consider: "ease of access to sources of proof, plaintiffs' choice of forum, relative convenience of parties, and relative convenience to witnesses." *David v. Alphin*, supra, at *7. Here, all four factors weigh in favor of transferring the case to the Central District.

---

[1] Notably, this Court does not need to resolve the issue of whether it has personal jurisdiction before considering whether the Central District is a more appropriate venue. *See Sinochem Int'l Co. v. Malaysia Int'l Shipping Corp.*, 127 S. Ct. 1184 (2007) ("a district court has discretion to respond at once to a defendant's *forum non conveniens* plea, and need not take up first any other threshold objection").

VENABLE LLP
2049 CENTURY PARK EAST, SUITE 2100
LOS ANGELES, CA 90067
310-229-9900

*First*, Plaintiff's allegations all concern purported copyright infringement that occurred in the Central District. The necessary proof for these claims relates "to the design, development and production of an **infringing product**." *AEC One Stop Group, Inc. v. CD Listening Bar, Inc.*, 326 F.Supp.2d 525, 530 (S.D.N.Y. 2004) (emphasis added). All of the work done to create and market the allegedly infringing posters occurred in the Central District. *See* Compl. at ¶¶ 7-9; *see also Expert Microsys., Inc. v. Smartsignal Corp.*, No. 06-709, 2006 U.S. Dist. Lexis 74045, at *10 (E.D. Cal. Oct. 11, 2006) (transferring action because, among other things, "[a]ll of the activities alleged in the complaint ... occurred in the Central District"). Because any copying done by Defendants occurred in the Central District, any documentation of copyright infringement is also in the Central District. Moreover, all the documentation concerning the distribution and resale of the allegedly infringing works, including internet marketing, is located in the Central District. *See Miracle Blade, LLC v. EBrands Commerce Group, LLC*, 207 F.Supp.2d 1136, 1157 (D. Nev. 2002) (transferring to venue where documents were located).

*Second*, all of the locations of interest are in the Central District. For instance, the model rooms for purchase by franchisees that allegedly display infringing posters are located in the Central District. *See* Compl. at ¶ 19. Any franchisees that viewed the rooms would have traveled there for purposes of buying a franchise. As such, they may only be amenable to the Central District's personal jurisdiction should Plaintiff decide to bring any of the franchisees into this lawsuit.

*Third*, all or almost all of the non-party witnesses are in the Central District, or most likely subject to jurisdiction in the Central District. *See Zeta-Jones v. the Spice House*, 372 F.Supp.2d 568, 576 (C.D. Cal. 2005) (transferring to Nevada because "most of the relevant evidence and non-party witnesses on the issue of ... liability appear to be located in Nevada"). "The convenience of the witnesses is often the most important factor when deciding a motion to transfer, as is the availability of key witnesses not within the compulsory process of a district court...." *Wham-O, Inc. v. SLB Toys USA, Inc.*, No. 06-04551, 2006 U.S. Dist. Lexis 74768, at *6 (N.D. Cal. Oct. 3, 2006), *quoting Gulf Oil Co. v. Gilbert*, 330 U.S.

501, 508-09 (1947). Any witnesses of the alleged copying, relationship between defendants, or sale of infringing posters would be located in the Central District because that is where these events occurred. In some cases these individuals are third parties who are outside the subpoena power of this Court. *See AEC One Stop Group, Inc.*, 326 F.Supp.2d at 530 (finding that witnesses not subject to process within the district weighed in favor of transfer). For instance, the print company that made the allegedly infringing posters is in the Central District and presumably not subject to this Court's subpoena power. Moreover, Plaintiff has requested a jury trial; yet, she may not be able to compel any non-party witness to testify at trial in the Northern District.

Accordingly, the Central District would be a more convenient forum for the witnesses and for the parties. On balance the largest amount of evidence is in the Central District and transferring the case to the Central District would "make the case easier, more expeditious, and less expensive." *Miracle Blade, LLC v. EBrands Commerce Group, LLC*, 207 F.Supp.2d 1136, 1157 (D. Nev. 2002). Indeed, all of the Defendants are located in the Central District and the vast majority of the evidence that will be needed for this litigation is there. *See AEC One Stop Group, Inc.,* 326 F.Supp.2d at 530 ("In infringement cases, the bulk of the relevant evidence usually comes from the accused infringer.") In fact, the only people who are not in the Central District are Plaintiff and her counsel.

In this regard, Plaintiff's choice of forum is entitled to only minimal consideration and, therefore, does not outweigh the other convenience factors that favor transferring this case to the Central District. In considering the "weight to be given to a plaintiff's choice of forum, 'consideration must be given to the extent of both of the defendant's business contacts with the chosen forum and of the plaintiff's contacts.'" *Botkin v. Safeco Ins. Co. of Am., Inc.*, No. 03-246-WHA, 2003 U.S. Dist. Lexis 6293, at *7 (N.D. Cal. April 14, 2003) (quoting *Pac. Car and Foundry Co. v. Pence*, 403 F.2d 949, 954 (9th Cir. 1968). "If the operative facts did not occur within the forum and the forum has no interest in the parties or subject matter, the [plaintiff's] choice of forum is entitled to minimal consideration." *Expert Microsys., Inc. v. Smartsignal Corp.*, No. 06-709, 2006 U.S. Dist. Lexis 74045, at *10 (E.D. Cal. Oct. 11, 2006).

Here, the operative facts are the "design, development and production of an ***infringing product***," all of which occurred in the Central District.  *Id.* (emphasis added).  In fact, the focal point of Plaintiff's claims is the Central District.  *See Lung v. Yachts Int'l, Ltd.*, 980 F. Supp. 1362, 1370 (D. Hawaii 1997) (finding that convenience to defendants outweighed plaintiff's choice of forum because the focal point of the case was not Hawaii).  The only allegations that Defendants acted in the Northern District concern phone calls for the initial purchase of giclees and the inquiry into whether Plaintiff would be willing to allow Kevin Barry Fine Art Associates to produce reproductions of her work (to be undertaken in the Central District).  *See* Compl. at ¶¶ 15-16.  During the entirety of these alleged transactions, however, Defendants were in the Central District of California and the Hilton Defendants had no part in these transactions.  Moreover, these modest preliminary actions are not enough to justify an inconvenient forum.  *See Pacific Car and Foundry Co. v. Hon. Martin Pence*, 403 F.2d 949, 955 (9th Cir. 1968) (vacating and remanding denial of transfer of venue because "[t]he only factors recited connecting [plaintiff's] cause of action with Hawaii relate to the Hawaiian situs of a modest portion of the preliminary negotiations"); *Expert Microsys., Inc. v. Smartsignal Corp.*, No. 06-709, 2006 U.S. Dist. Lexis 74045, at *10 ("Defendant ... has limited contacts with California in relation to Plaintiffs' claims further favoring transfer of venue.").  In addition, there is no allegation that Defendants traveled to the Northern District as part of the alleged infringement or for the initial actions that purportedly took place there.  *See AV Media, PTE, Ltd v. Omnimount Sys., Inc.*, No. 06-3805, 2006 U.S. Dist. Lexis 76106, at *7 (N.D. Cal. Oct. 5, 2006) (giving plaintiff's choice of forum "lessened deference" because the facts giving rise to the claim did not arise in the northern district and the parties did not negotiate the disputed purchase orders in the northern district).

### b.    Factors Concerning The Interests of Justice

The Central District has a greater interest in this controversy than the Northern District.  The majority of the events leading up to Plaintiff's claims occurred in the Central District and as such it has a greater interest in adjudicating the dispute.  *See Carolina*

*Casualty Co. v. Data Broadcasting Corp.*, 158 F.Supp.2d 1044, 1050 (N.D. Cal. 2001) (transferring case to the Central District based on where pertinent events happened). In fact, the only connection that the Northern District has to this action is Plaintiff's location, which is not enough to justify Defendants' and witnesses' inconvenience. *See Botkin v. Safeco Ins. Co. of Am., Inc.,* No. 03-246-WHA, 2003 U.S. Dist. Lexis 6293, at *8-9 (N.D. Cal. April 14, 2003) ("While the Court is sympathetic to Mr. Botkin's situation, it finds that the maintenance of this action in the Northern District of California would not be in the interest of justice.").

### B. Counts III and IV Should Be Dismissed.

Defendants' motion to dismiss counts III and IV of the Complaint pursuant to Fed. R. Civ. P. 12(b)(6) should be granted because plaintiff's state law claims are preempted by the Copyright Laws of the United States. 17 U.S.C. § 301 (2008)[2]; *Aagard v. Palomar Builders, Inc.*, 344 F.Supp.2d 1211, 1219 (E.D. Cal. 2004), *citing Harper & Row, Publishers, Inc. v. Nation Enters.*, 501 F. Supp. 848, 850 (S.D.N.Y. 1980), *aff'd* 723 F. 2d. 195 (2d Cir. 1983), *rev'd* on other grounds, 471 U.S. 539 (1985) ("Although the Ninth Circuit has not addressed this specific issue [of preemption of a tortious interference claim by federal copyright law], the Second Circuit provides persuasive authority that the rights protected by the Copyright Act are synonymous to those asserted in a tortious interference with contractual relations claim.").

#### 1. Rule 12(b)(6) Legal Standard

This court may grant a motion to dismiss if "it appears beyond doubt that the plaintiff can prove no set of facts in support of [her] claim which would entitle [her] to relief." *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957) (footnote omitted). "[T]he question is … whether in the light most favorable to the plaintiff, and with every doubt resolved in the pleader's behalf, the

---

[2] Section 301(a) of Title 17 states:
  On and after January 1, 1978, all legal or equitable rights that are equivalent to any of the exclusive rights within the general scope of copyright as specified by section 106 in works of authorship that are fixed in a tangible medium of expression and come within the subject matter of copyright as specified by sections 102 and 103, whether created before or after that date and whether published or unpublished, are governed exclusively by this title. Thereafter, no person is entitled to any such right or equivalent right in any such work under the common law or statutes of any State.

Complaint states any cognizable claim for relief." 5B C.A. Wright & A.R. Miller, Federal Practice and Procedure § 1357 640 (3d ed. 2004). When deciding a motion to dismiss, the court must consider the well-pled allegations in a complaint as true and must construe those allegations in favor of the plaintiff. *Jenkins v. McKeithen*, 395 U.S. 411, 421-22 (1969).

### 2. Counts III and IV Should Be Dismissed Because They are Based on Nothing More Than Defendants' Alleged Copyright Infringement.

Plaintiff's state law claims of intentional interference with prospective economic relations (Count III) and intentional interference with contractual relations (Count IV) are preempted by federal law because these claims are based entirely on the alleged copying of Plaintiff's artwork. The scope of intellectual property protection for expressive works of art, such as those at issue here, is governed exclusively by federal Copyright law. 17 U.S.C. § 301. Simply put, the Copyright Act trumps state law, and these state law claims cannot survive. U.S. Const. Art. VI, cl.2 (the "Constitution, and Laws of the United States which shall be made in Pursuance thereof…shall be the supreme Law of the Land.").

In the present case, Counts III and IV are a flawed attempt by Plaintiff to create liability for alleged copyright infringement under state law theories. The Court in the leading case on this issue, *Harper & Row, Publishers, Inc. v. Nation Enters.*, found that the Copyright Act preempted a state law cause of action for tortious interference. 501 F. Supp. 848, 850 (S.D.N.Y. 1980), *aff'd* 723 F. 2d. 195 (2nd Cir. 1983), *rev'd* on other grounds, 471 U.S. 539 (1985) ("the measure of recovery under the Copyright Act would be the same as that applicable under state tort law, [and] the Copyright Act provides equivalent rights and remedies to those available under state law... [t]hus, the [tortious interference] Count is also preempted under §301").

It is well settled in this Circuit and others that Section 301 of the Copyright Act "establishes a two-pronged test for preemption focusing on the nature of the work in question and the rights claimed in that work under state law." *Harper & Row,* 501 F. Supp. at 850; *see also Laws v. Sony Music Entm't, Inc.*, 448 F.3d 1134, 1137-38 (9th Cir. 2006); *Downing v. Abercrombie & Fitch*, 265 F.3d 994, 1003 (9th Cir. 2001). "First, the nature of the 'work of

authorship in which rights are claimed', i.e. [plaintiff's works of art], must come within the 'subject matter of copyright' as defined in Sections 102 and 103 of the Copyright Act." *Id.* "Second, the rights granted under state law, i.e. the common law torts of [interference with economic relations and interference with contract], must be 'equivalent to any of the exclusive rights within the general scope of copyright as specified by Section 106.'" *Id.*

The first prong of the preemption analysis is easily satisfied in this case. Plaintiff alleges that: she authored all three works of art at issue; she is "the sole owner of all right, title, and interest in the copyrights"; and all three works have been registered with the U.S. Copyright Office. Compl. at ¶ 12, 13. When accepting the allegations in Plaintiff's Complaint as true, her works of art fall within the definition of copyrightable works under 17 U.S.C. § 102.[3]

The second prong of the preemption analysis is also satisfied because the causes of action that Plaintiff brings under state law are not qualitatively different from the rights protected in Section 106 of the Copyright Act. Section 106 provides in relevant part that

> the owner of copyright under this title has the following exclusive rights to do and to authorize any of the following: (1) to reproduce the copyrighted work…; (2) to prepare derivative works…; (3) to distribute copies.

Counts III and IV are based solely on the alleged copying and distribution of Plaintiff's artwork. Absent the alleged copying, these claims could not exist, and therefore they are not qualitatively different from the rights protected in the Copyright Act. In fact, Plaintiff's Complaint readily admits as much. The centerpiece of Count III alleges that Defendants "mass- produc[ed] prints…[and] pushed forward even though the copying, distribution, and display of the works were clear violations of U.S. copyright law." Compl. at ¶ 34. Similarly, Count IV alleges that the Defendants "mass-produced" Plaintiff's artwork. Compl. at ¶ 39.

---

[3] Section 102 provides in relevant part:
   Copyright protection subsists, in accordance with this title, in original works of authorship fixed in any tangible medium of expression, now known or later developed, from which they can be perceived, reproduced, or otherwise communicated, either directly or with the aid of a machine or device.

There is no basis for either Count III or Count IV other than the alleged copying of plaintiff's artwork. Therefore, these causes of action are not qualitatively different from the rights protected under the federal statute and are preempted by federal law. *See, e.g., Aagard v. Palomar Builders, Inc.*, 344 F.Supp.2d 1211, 1218-19 (E.D. Cal. 2004); *see also*, Nimmer § 1.01[B][1][a][ii] ("Insofar as unauthorized reproduction, distribution, performance or display causes the plaintiff to lose the benefits that would flow from an actual or prospective contract whereby plaintiff would authorize any such acts, the rights created by the tort of contract interference do not appear to differ qualitatively from rights under copyright…[and p]reemption in this context would, then, appear to be justified.").

Counts III and IV are actually just copyright damage claims. If Defendants infringed, Counts III and IV articulate what Plaintiff believes are her damages.

### III. Conclusion

For the reasons stated above, Defendants respectfully request that the Court transfer this action to the Central District of California because 28 U.S.C. § 1400(a) creates a different standard for venue in copyright cases. To give this section any meaning the court should transfer this matter to the Central District. Additionally, the Central District is a more convenient forum for all of the parties and the witnesses. All of the relevant evidence is located in the Central District of California and, therefore, it is a more efficient forum for the dispute.

Defendants also respectfully request that the Court dismiss Counts III and IV, which are preempted by federal Copyright law, which simply does not allow Plaintiff to obtain relief under state law for the copying of copyrighted works. Plaintiff's state law claims present nothing that is not already covered within the scope of her federal law claims and thus the state law claims are not qualitatively different from the Copyright claims. The entire basis of

///
///
///
///

1 her state law claims is premised upon the alleged unauthorized copying of her copyrighted
2 artwork.

3                                          VENABLE LLP
4
5 DATED: May 13, 2008                      _____
                                           Thomas J. Speiss, III
6                                          Counsel for Defendants

# CERTIFICATE OF SERVICE

I hereby certify that on May 13, 2008, I caused the foregoing to be electronically filed with the Clerk of the Court using CM/ECF which will send electronic notification of such filing to the following:

        Marc N. Bernstein, Esq.

        Susan S. Boranian, Esq.

        The Bernstein Law Group, P.C.

_____
Thomas J. Speiss, III (Bar No. 200949)