1  Thomas J. Speiss, III (Bar No. 200949)
   VENABLE LLP
2  2049 Century Park East, Suite 2100
   Los Angeles, California 90067
3  Telephone:  (310) 229-9906
   Facsimile:  (310) 226-9901
4  tspeiss@venable.com

5  Counsel for Defendants HILTON HOTELS CORP.,
   HILTON SUPPLY MANAGEMENT, INC., KEVIN A. BARRY,
6  and KEVIN BARRY FINE ART ASSOCIATES

7

8              UNITED STATES DISTRICT COURT
             NORTHERN DISTRICT OF CALIFORNIA
9              SAN FRANCISCO DIVISION

10

11 BERENICE BRACKETT,                    Case No. C08-2100-WHA

12           Plaintiff,                  **MEMORANDUM OF POINTS AND**
         vs.                             **AUTHORITIES IN SUPPORT OF REPLY**
13                                       **TO DEFENDANTS' MOTION TO**
   HILTON HOTELS CORP., et al.,          **DISMISS OR TRANSFER FOR**
14                                       **IMPROPER VENUE; OR IN THE**
           Defendants.                   **ALTERNATIVE TO TRANSFER FOR**
15                                       **CONVENIENCE; AND MOTION TO**
                                         **DISMISS COUNTS III AND IV FOR**
16                                       **FAILURE TO STATE A CLAIM**

17

18                                       Hearing Date:  June 19, 2008
                                         Time:  8:00.m.
19                                       Courtroom:  9, 19th Floor
                                         Judge:  Hon. William H. Alsup
20

21

22

23

24

25

26

27

28

VENABLE LLP
2049 CENTURY PARK EAST, SUITE 2100
LOS ANGELES, CALIFORNIA 90067

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

VENABLE LLP
2049 CENTURY PARK EAST, SUITE 2100
LOS ANGELES, CALIFORNIA 90067

# TABLE OF CONTENTS

**Page(s)**

I.      Introduction. ...................................................................................................1

II.     Venue Is Proper In The Central District Of California Under The
Copyright Venue Statute .............................................................................1

     A.      The Central District of California is the proper venue for this
action ...................................................................................................1

     B.      Venue in the Northern District of California is not statutorily proper ...............4

          1.      There does not exist general jurisdiction over the Barry
Defendants or Hilton Supply Management in the Northern
District of California................................................................................7

          2.      There is no specific jurisdiction in the Northern District of
California .............................................................................................8

III.    Counts III and IV are Preempted. ............................................................11

IV.     Conclusion. ..................................................................................................13

MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF REPLY TO DEFENDANTS' MOTION TO
DISMISS OR TRANSFER FOR IMPROPER VENUE

1

**TABLE OF AUTHORITIES**

2

**Page(s)**

3

<u>Cases</u>

4

5
AEC One Stop Group, Inc. v. CD Listening Bar, Inc.,
  326 F.Supp.2d 525 (S.D.N.Y., 2004)................................................................. 1, 2

6
ALS Scan, Inc. v. Digital Serv. Consultants, Inc., 293 F.3d 707
  (4th Cir., 2002)................................................................................................... 10

7
Alterra Corp. v. Clear Logic, Inc., 424 F.3d 1079 (9th Cir., 2005)...................................... 13

8
Anichini, Inc. v. Campbell, 2005 WL 2464191, *5 (D. Vt., 2005)........................................ 1

9
Bancroft & Masters, Inc., 223 F.3d 1082 (9th Cir., 2000) ............................................... 10

10

11
Brush Creek Media, Inc. v. Boujaklian, 2002 WL 19006620
  (N.D. Cal., 2002)............................................................................................... 12

12
Calder v. Jones, 465 U.S. 783 (1984) ............................................................................ 6

13
Columbia Pictures Television v. Krypton Broadcasting of Birmingham, Inc.,
  106 F.3d 284 (9th Cir.,1997)............................................................... 5, 6, 8, 10

14
Conn. Nat'l Bank v. Germain, 503 U.S. 249 (1992) ................................................... 4, 5

15
Cybersell, Inc. v. Cybersell, Inc., 130 F.3d 414 (9th Cir., 1997)..................................... 9

16

17
Dudash v. Varnell & Struck & Assoc., Inc., No. 04-2748, 2004 WL 2623903,
  at *2 (N.D. Cal., Nov. 16, 2004)........................................................................ 7

18
Expert Microsys., Inc. v. Smartsignal Corp., No. 06-709, 2006 U.S. Dist.
  Lexis 74045, at *10 (E.D. Cal., Oct. 11, 2006) .............................................. 2, 3

19

20
Federated Rural Elect. Ins. Corp. v. Kootenai Elect. Cooperative, 17 F.3d
  1302 (10th Cir., 1994) ....................................................................................... 10

21
Goldberg v. Cameron, 482 F.Supp.2d 1136 (N.D. Cal., 2007, J. Whyte) ................... 4, 11

22
Helicopteros Nacionales de Colombia, S.A. v. Hall, 466 U.S. 408 (1984) ................... 7, 8

23
Jonathan Browning, Inc. v. Venetian Casino Resort LLC, No. 07-3983, 2007
  WL 4532214, at *10 (N.D. Cal., Dec. 17, 2007) ............................................ 12

24
Kodadek v. MTV Networks, Inc., 152 F.3d 1209 (9th Cir.,1998)................................. 11

25

26
L.A. Mem'l Coliseum Comm'n v. Nat'l Football League, 89 F.R.D. 497
  (C.D. Cal. 1981)................................................................................................. 3

27
Laws v. Sony Music Entertainment, Inc., 448 F.3d 1134 (9th Cir., 2006) ..................... 12

28
Lung v. Yachts Int'l, Ltd., 980 F. Supp. 1362 (D. Haw., 1997).......................................... 1

**V E N A B L E   L L P**
2049 CENTURY PARK EAST, SUITE 2100
LOS ANGELES, CALIFORNIA 90067

MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF REPLY TO DEFENDANTS' MOTION TO
DISMISS OR TRANSFER FOR IMPROPER VENUE

Mihalek Corp. v. Mich., 595 F. Supp. 903 (D. Mich. 1984) ................................................. 5

Miracle Blade, LLC v. EBrands Commerce Group, LLC, 207 F.Supp.2d
    1136 (D. Nev. 2002) ..................................................................................................... 2

Moody v. Charming Shoppes of Delaware, Inc., 2008 WL 2128955 at * 7 ........................ 6

Schwarzenegger v. Fred Martin Motor Co., 374 F.3d 797 (9th Cir. 2004) ................. 7, 8, 9

Time, Inc. v. Manning, 366 F.2d 690 (Former 5th Cir. 1966) ............................................ 5

Zeta-Jones v. the Spice House, 372 F.Supp.2d 568 (C.D. Cal., 2005) ............................ 3

Statutes

17 U.S.C. § 102 ................................................................................................................ 11

17 U.S.C. § 103 ................................................................................................................ 11

17 U.S.C. § 106 ................................................................................................................ 11

17 U.S.C. § 301 ................................................................................................................ 11

17 U.S.C. § 301(a) ........................................................................................................... 11

28 U.S.C. § 1391 ............................................................................................................... 4

28 U.S.C. § 1391(b) ........................................................................................................... 4

28 U.S.C. § 1391(c) ........................................................................................................... 5

28 U.S.C. § 1400 ....................................................................................................... 4, 5, 6

28 U.S.C. § 1400(a) ................................................................................................... 4, 5, 6

28 U.S.C. § 1404 (a) .......................................................................................................... 3

Other Authorities

1 Nimmer, § 1.01[B] at 1-11 ............................................................................................ 11

Restatement 3d, Agency § 1.01 ........................................................................................ 6

VENABLE LLP
2049 CENTURY PARK EAST, SUITE 2100
LOS ANGELES, CALIFORNIA 90067

MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF REPLY TO DEFENDANTS' MOTION TO
DISMISS OR TRANSFER FOR IMPROPER VENUE

1

**I.    Introduction.**

Defendants moved to dismiss or transfer this action to the Central District of California because it is the proper venue and more convenient forum for Plaintiff's copyright claims. Defendants also moved to dismiss Counts III and IV of the Complaint because these claims are preempted by Federal Copyright Law.  Both claims are explicitly based upon Defendants' alleged copying of Plaintiff's copyrighted works and, consequently, do not protect rights outside of those protected by Federal Copyright Law.  Defendants file this reply in support of their motion.

**II.    Venue Is Proper In The Central District Of California Under The Copyright Venue Statute.**

Venue for this action is proper in the Central District of California because:  (1) the necessary proof for Plaintiff's claims, the defendants, and percipient witnesses are all located within Los Angeles; and (2) under the copyright venue statute, venue for copyright claims is determined based upon a defendant's location or residence within a district.  It is the Plaintiff's burden to demonstrate that she has chosen the proper venue.  See *Anichini, Inc. v. Campbell*, 2005 WL 2464191, *5 (D. Vt., 2005).  As discussed below, because Plaintiff has not met this burden, this action must be dismissed or transferred to the Central District of California.

**A.    The Central District of California is the proper venue for this action.**

Venue in the Central District is proper because the necessary proof for Plaintiff's claims, the defendants, and percipient witnesses are all located within Los Angeles.  *See*, *e.g.*, *AEC One Stop Group, Inc. v. CD Listening Bar, Inc.*, 326 F.Supp.2d 525, 530 (S.D.N.Y. 2004) (proving copyright infringement requires evidence about "the design, development and production of an infringing product"); *see also Lung v. Yachts Int'l, Ltd.*, 980 F. Supp. 1362, 1370 (D. Haw. 1997) (convenience to defendants outweighed plaintiff's choice of forum because focal point of action was not Hawaii).  Plaintiff admits that venue is proper in the

V E N A B L E   L L P
2049 CENTURY PARK EAST, SUITE 2100
LOS ANGELES, CALIFORNIA 90067

Central District, *see* Plt. Opp. at 8:19-21, and does not dispute these facts, which are as follows:

- The events concerning the creation, marketing, distribution and resale of the allegedly infringing posters occurred within Los Angeles, which is located within the Central District. *See* Compl. at ¶¶ 7-9; *see also Expert Microsys., Inc. v. Smartsignal Corp.*, No. 06-709, 2006 U.S. Dist. Lexis 74045, at *10 (E.D. Cal., Oct. 11, 2006) (transferring from the Eastern District of California to the Central District of California because, among other things, "[a]ll of the activities alleged in the complaint ... occurred in the Central District"); *see also Miracle Blade, LLC v. EBrands Commerce Group, LLC*, 207 F.Supp.2d 1136, 1157 (D. Nev. 2002) ("Based on the location of the majority of documents, it appears that transfer of this case to the Central District of California is in the interests of justice because it would make trial of this case easier, more expeditious, and less expensive."). Therefore, any documentation of copyright infringement is also in located in the Central District.

- The West Coast Hilton Hotel-franchised "model suites" displaying the model Homewood Suite hotel room — which a potential franchisee can view before purchasing a Homewood Suite franchise, and which allegedly displays the infringing posters — are located within Los Angeles County. *See* Compl. at ¶ 19; *see also* Decl. of Kevin Barry in Support of the Reply, at ¶ 3 ("Barry Decl.").

- All of the Defendants are located within Los Angeles and the vast majority of the evidence that will be needed for this litigation is also located in Los Angeles. *See* Compl. at ¶¶ 7-9; *see also* Plt. Opp. at 3:6; 12:24 (admitting that Defendants, witnesses and relevant documents are located within the Central District); *see also, AEC One Stop Group, Inc.*, 326 F.Supp.2d at 530  ("In infringement cases, the bulk of the relevant evidence usually comes from the accused infringer.")  In fact, the only person who is not located within the Central District of California is the Plaintiff.

- Many of the percipient witnesses, including employees of the Defendants and of third party designers that will assist all Defendants in defending against the copyright infringement allegation, are located within Los Angeles County. *See* Barry Decl., ¶ 4; s*ee,*

VENABLE LLP
2049 CENTURY PARK EAST, SUITE 2100
LOS ANGELES, CALIFORNIA 90067

2

V E N A B L E   L L P
2049 CENTURY PARK EAST, SUITE 2100
LOS ANGELES, CALIFORNIA 90067

*e.g., Zeta-Jones v. the Spice House*, 372 F.Supp.2d 568, 576 (C.D. Cal., 2005) (discretional transfer warranted to location where relevant agreements were negotiated and executed, witnesses are located and burden to <u>all</u> parties to litigate is lesser; action transferred because "most of the relevant evidence and non-party witnesses on the issue of ... liability appear to be located" in District of Nevada); *see also Expert Microsys., Inc. v. Smartsignal Corp.*, No. 06-709, 2006 U.S. Dist. Lexis 74045, at *6 ("The convenience of the witnesses is said to be the most important factor in considering a transfer motion. *L.A. Mem'l Coliseum Comm'n v. Nat'l Football League*, 89 F.R.D. 497, 501 (C.D. Cal. 1981). In considering this factor, 'courts consider the effect of a transfer on the availability of certain witnesses and their live testimony at trial.' " (internal citation omitted).)

- Plaintiff further admits that she travels to Los Angeles. Plt. Opp. at 2:16.

Plaintiff does not dispute these facts or, importantly, that this Court can transfer a civil action to another district "[f]or the convenience of the parties and witnesses [or] in the interest of justice." 28 U.S.C. § 1404 (a) (2008). Instead, Plaintiff, through a blunderbuss of unsubstantiated declarations containing purported "facts" that are not contained within the Complaint, argues that the Court should *ignore* what it cannot, which is: (1) the location of the Los Angeles-based activities forming the basis of the alleged copyright infringement; (2) the location of the Los Angeles-based Defendants; (3) the location of the Los Angeles-based percipient witnesses, and, further, (4) disregard the Court's possible inability to exert jurisdiction over potential unnamed defendants, and maintain jurisdiction over a matter where most all, if not all, of the purported facts happened within a 2.09 square-mile radius.

Further trying to misdirect the Court, Plaintiff begins its opposition by arguing that Defendant's liability cannot be denied. *See* Plt. Opp. at 1:4; 1:20-21 ("This case presents an unusually stark example of copyright infringement ... With the case for liability thus very strong, trial will largely concern willfulness and damages."). While Plaintiff's argument is more appropriate for a later-filed motion, this argument supports Defendants' motion to transfer or dismiss this action: Defendants cannot properly defend themselves against such allegations of "unusually stark ... copyright infringement" unless and until this action is

MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF REPLY TO DEFENDANTS' MOTION TO DISMISS OR TRANSFER FOR IMPROPER VENUE

1   dismissed and refiled in the Central District or transferred to the Central District, which is

2   where the alleged activities have occurred, the Defendants are based and the percipient

3   witnesses reside and whose testimony is necessary.

4        Simply put, the burden, risks and cost to litigate this action in the Northern District is

5   too great, and Defendants face the very real possibility that they will not be able to properly

6   defend themselves unless this action is heard in the Central District.  Defendants respectfully

7   request that this action be dismissed or transferred to the Central District based on these

8   reasons alone.

9        **B.    Venue in the Northern District of California is not statutorily proper.**

10       Plaintiff admits that the copyright venue statute, 28 U.S.C. § 1400(a), governs her

11  claims.  Plt. Opp. at 6.  Nevertheless, the <u>Complaint</u> does not:  (1) allege venue under

12  section 1400; or, (2) provide facts sufficient to support a finding of venue under section 1400.

13  Instead, Plaintiff has tried to justify venue under section 1400 by equating it to section 1391,

14  an approach that has been rejected by this Court.  *See, e.g., Goldberg v. Cameron*, 482

15  F.Supp.2d 1136, 1143 (N.D. Cal. 2007, J. Whyte) ("The venue of suits for infringement of

16  copyright is not determined by the general provision governing suits in the federal district

17  courts, rather by the venue provision of the Copyright Act. 28 U.S.C. § 1400(a)").

18       The copyright venue statute is not equal to or broader than the general venue statutes

19  such as 28 U.S.C. § 1391(b).  By its very terms it is narrower because it only allows venue to

20  be based upon the location of defendants.  *See* 28 U.S.C. § 1400(a) ("civil actions ... arising

21  under any Act of Congress relating to copyrights ... may be instituted in the district in which

22  the defendant or his agent resides or may be found"); *see also Conn. Nat'l Bank v. Germain*,

23  503 U.S. 249, 253-54 (1992) ("courts must presume that a legislature says in a statute what

24  it means and means in a statute what it says there.").  General venue provisions, on the

25  other hand, allow venue to be based upon information other than the location of the

26  defendants (*e.g.*, the events or actions that give rise to the claim).  Indeed, equating 28

27  U.S.C. § 1400(a) with 28 U.S.C. § 1391(b), or any other venue statute for that matter, makes

28  28 U.S.C. §1400 and its explicit differences pointless – if they were the same there would be

V E N A B L E  L L P
2049 CENTURY PARK EAST, SUITE 2100
LOS ANGELES, CALIFORNIA 90067

MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF REPLY TO DEFENDANTS' MOTION TO
DISMISS OR TRANSFER FOR IMPROPER VENUE

1  no need for section 1400 at al.  Such an interpretation should be disfavored as a matter of

2  statutory construction.  *See Conn. Nat'l Bank*, 503 U.S. at 253 ("[C]ourts should disfavor

3  interpretations of statutes that render language superfluous. . . .").

4  　　　　Moreover, the cases cited by Plaintiff do not stand for the proposition that the

5  copyright venue statute is equally as broad as general venue statutes.  Rather, the cases

6  concern 28 U.S.C. §1391(c), which is a venue statute particularly for corporations.[1]  Indeed,

7  both cases concern venue for corporations unlike the case at bar that concerns both

8  individual and corporate defendants.  The cases are further distinguishable from the case at

9  bar because none of them consider an intra-state, inter-district transfer.  The distinction is

10 important in this case because the cases Plaintiff relies upon equate 28 U.S.C. §1391(c) and

11 28 U.S.C. § 1400(a).  The rationale for treating them similarly, however, has been rejected by

12 the Ninth Circuit because 28 U.S.C. §1391(c) allows venue in any district in a state to be

13 based upon a defendant corporation's location or contacts within the state generally rather

14 than restricting the analysis to a particular district.  *See* 28 U.S.C. §1391(c) ("A corporation is

15 subject to personal jurisdiction at the time an action is commenced, such corporation shall be

16 deemed to reside in any district in that State.").  Basing venue under 28 U.S.C. § 1400(a) on

17 any actions within the state, however, has been rejected by the Ninth Circuit.  In *Columbia*

18 *Pictures Television v. Krypton Broadcasting of Birmingham, Inc.*, 106 F.3d 284, 289 (9th Cir.

19 1997), the Ninth Circuit held that "[v]enue under 28 U.S.C. § 1400(a) is proper in any judicial

20 district in which the defendant would be amenable to personal jurisdiction ***if the district were***

21 ***a separate state***."

22 　　　　Accordingly, the cases cited by Plaintiff treat the individual districts as if they were not

23 separate states and instead consider the question of copyright venue at a state level.  *See,*

24 *e.g., Time, Inc. v. Manning*, 366 F.2d 690, 697-98 (Former 5th Cir. 1966) ("Times business

26 _____

27 　　[1]　　The only case cited by Plaintiff that discusses 28 U.S.C. § 1400(a) and 28 U.S.C. § 1391 generally is over 20-years old and from the Eastern District of Michigan. *See* Plt. Opp. at 7 (*citing Mihalek Corp. v. Mich.*, 595 F. Supp. 903 (D. Mich. 1984)).  It has

28 not recently been cited outside the Sixth Circuit, except for an Eleventh Circuit opinion that questions the opinion.

VENABLE LLP
2049 CENTURY PARK EAST, SUITE 2100
LOS ANGELES, CALIFORNIA 90067

1  activity in Louisiana was sufficiently extensive."). It is not surprising that Plaintiff also relies

2  on Defendants contacts with California generally to establish proper venue even though the

3  Ninth Circuit has rejected this approach.

4        Hence, the distinction between section 1400 and general venue provisions is a

5  substantive difference that is evidenced by the very terms of the statute and the Ninth

6  Circuit's application of that statute. The Ninth Circuit uses personal jurisdiction as a

7  measuring stick for venue of copyright claims. Any proper consideration of venue under 28

8  U.S.C. § 1400(a), however, must be restricted to actions in the Northern District because the

9  Court should treat the district as if it were a separate state. *Columbia Pictures Television v.*

10 *Krypton Broadcasting of Birmingham, Inc.*, 106 F.3d at 289. Plaintiff throws this precedent

11 out the window, however, and asks this Court to premise venue on Defendants' location and

12 actions throughout the state of California. *See, e.g.*, Plt. Opp. at 16-17.

13       Moreover, venue must be proper for **each** defendant individually. *See Calder v.*

14 *Jones*, 465 U.S. 783, 1487 (1984) ("[e]ach defendant's contacts with the forum State must be

15 assessed individually"). Plaintiff disregards this cannon and bootstraps jurisdiction over all

16 the defendants as if the Defendants were a single entity by relying on her conclusory

17 allegation of an agency relationship between the Defendants. In addition, Plaintiff provides

18 no factual basis for concluding that the relationship between the Defendants is one of

19 agency. *See* Restatement 3d, Agency § 1.01 ("Agency is the fiduciary relationship that

20 arises when one person (a "principal") manifests assent to another person (an "agent") that

21 the agent shall act on the principal's behalf and subject to the principal's control, and the

22 agent manifests assent or otherwise consents so to act."). According to a recent action

23 decided in the Northern District,

24         "The 'agency test is satisfied by a showing that the subsidiary functions as
        the parent corporation's representative, that it performs services that are
25         sufficiently important to the foreign corporation that if it did not have a
        representative to perform them, the corporations' own officials would
26         undertake to perform substantially similar services.'" (Internal citation
        omitted.)).

27

28

**V E N A B L E  L L P**
2049 CENTURY PARK EAST, SUITE 2100
LOS ANGELES, CALIFORNIA 90067

MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF REPLY TO DEFENDANTS' MOTION TO
DISMISS OR TRANSFER FOR IMPROPER VENUE

*See Moody v. Charming Shoppes of Delaware, Inc.*, 2008 WL 2128955 at * 7 (motion to dismiss for lack of personal jurisdiction granted).  Plaintiff should not be able to end run around statutory venue just because she made a conclusory allegation in her complaint.  *See Dudash v. Varnell & Struck & Assoc., Inc.*, No. 04-2748, 2004 WL 2623903, at *2 (N.D. Cal. Nov. 16, 2004) ("the pleadings need not be accepted as true").

Venue is not proper in the Northern District because all the Defendants cannot be said to be found in, or reside in, the Northern District, as there is neither general personal jurisdiction nor specific general jurisdiction in the Northern District.

> **1.    There does not exist general jurisdiction over the Barry Defendants or Hilton Supply Management in the Northern District of California.**

General jurisdiction exists if Defendants "engage in 'continuous and systematic general business contacts'" in the Northern District that are so substantial that they could be "hailed into court in the forum ... to answer for <u>any</u> of its activities anywhere in the world." *Schwarzenegger v. Fred Martin Motor Co.*, 374 F.3d 797, 801 (9th Cir. 2004) (emphasis added).  Plaintiff's contentions, however, fall short of the pervasive contacts necessary to establish general jurisdiction.

Plaintiff argues that Kevin Barry has "made and solicited sales in the Northern District, made purchases here, and served the art market here."  Plt. Opp. at 15.  With regard to Hilton Supply Management, Plaintiff makes a vague argument that, because Hilton Supply Management buys supplies for the Hilton Hotels, general jurisdiction is proper.  *Id.* at 16.  Similar contacts, however, have been found by the Supreme Court to be insufficient to establish general jurisdiction.  In *Helicopteros Nacionales de Colombia, S.A. v. Hall*, 466 U.S. 408, 413 (1984), the Court held that purchases and related trips, regular visits, negotiating contracts, and sending employees to a district for training were insufficient to give rise to general jurisdiction.  *Helicopteros Nacionales de Colombia, S.A*, 466 U.S. at 416-18 (1984).  Indeed, the activities described by Plaintiff cannot be said to be "'continuous and systematic' in nature" or activities that create an ongoing obligation to citizens of the Northern District.  Rather, Plaintiff describes intermittent trips, purchases or sales by the Barry Defendants in

**V E N A B L E   L L P**
2049 CENTURY PARK EAST, SUITE 2100
LOS ANGELES, CALIFORNIA 90067

7

the Northern District that are unrelated to her cause of action.  Plaintiff also relies on the fact

that Kevin Barry Fine Arts and the Hilton Defendants are incorporated in California.  *See* Plt.

Opp. at 16-17.  For purposes of venue under 28 U.S.C. § 1400(a), however, contacts with

California generally are not enough, venue must be based upon contacts specifically within

the Northern District.  *Columbia Pictures Television v. Krypton Broadcasting of Birmingham,

Inc.*, 106 F.3d at 289.

Finally, Plaintiff relies on the purported agency relationship between Hilton and the

other Defendants.  The contacts Hilton has with the jurisdiction should not create general

jurisdiction over the Barry Defendants because these contacts are not related to the

relationship between Defendants, nor the alleged copyright infringement at issue.  Such a

tenuous connection between the contacts giving rise to the purported jurisdiction over the

Hilton and the alleged sales of infringing artwork between Defendants should not be

sufficient to conclude that the Barry Defendants can be hailed into court in the Northern

District for any claim.

### 2.    There is no specific jurisdiction in the Northern District of California.

The Ninth Circuit uses a three-part test to determine if the exercise of specific

jurisdiction comports with due process.  In order for specific jurisdiction to exist:

(1)    Defendants must have purposefully directed their activities to the forum or

resident thereof; or purposefully availed themselves of the privilege of

conducting activities in the forum to invoke the benefits and protections of

its laws;

(2)    the claim must arise out of these contacts; <u>and</u>

(3)    the exercise of jurisdiction must be fair and reasonable.

*Schwarzenegger v. Fred Martin Motor Co.*, 374 F.3d 797, 801 (9th Cir. 2004) (emphasis

added).  It is essential that specific personal jurisdiction be based upon contacts with the

Northern District that are related to Plaintiff's claims.  *Helicopteros Nacionales de Colombia,

S.A. v. Hall*, 466 U.S. at 414 ("When a controversy is related to or 'arises out of' a

VENABLE LLP
2049 CENTURY PARK EAST, SUITE 2100
LOS ANGELES, CALIFORNIA 90067

8

VENABLE LLP
2049 CENTURY PARK EAST, SUITE 2100
LOS ANGELES, CALIFORNIA 90067

1   defendant's contacts with the forum, the Court has said that a 'relationship among the

2   defendant, the forum, and the litigation' is the essential foundation of in [sic] *in personam*

3   jurisdiction.").  A defendant can be said to have purposefully availed himself of a jurisdiction if

4   he: "(1) committed an intentional act, which was (2) expressly aimed at the forum state, and

5   (3) caused harm, the brunt of which is suffered and which the defendant knows is likely to be

6   suffered in the forum state."  *Schwarzenegger v. Fred Martin Motor Co.*, 374 F.3d 797, 805

7   (9th Cir. 2004) (party must demonstrate "'something more' then mere forseeability in order to

8   justify the assertion of personal jurisdiction.").  Defendants must take "deliberate action within

9   the forum state or ... create[] continuing obligations to forum residents."  *Cybersell, Inc. v.*

10  *Cybersell, Inc.*, 130 F.3d 414, 417 (9th Cir. 1997).

11          Plaintiff cannot meet the test for purposeful availment.  First, Plaintiff groups together

12  actions that are not at all related to the alleged infringement with actions that are in her

13  attempt to establish personal jurisdiction.  For instance, Plaintiff admits that Defendant

14  placed the request for Ms. Brackett's artwork by phone.  *See* Coyle Decl. at ¶¶ 10, 13.

15  However, in her brief she cites two in-person visits as supporting her contention of specific

16  personal jurisdiction, but any in-person visits are unrelated to the purchase of the allegedly

17  infringing artwork.  *See* Plt. Opp. at 12.  Any allegations concerning activities other than

18  those that gave rise to the alleged copyright infringement are not relevant to considerations

19  of personal jurisdiction.

20          The intentional act at issue here, the alleged copying of Plaintiff's artwork took place

21  in the Central District.  The allegedly infringing works were sold in the Central District

22  between Defendants who are both located in the Central District.  The allegedly infringing

23  works were never directed specifically to the Northern District and Defendants had no

24  reason to believe their actions in the Central District were causing harm in the Northern

25  District.[2]  Defendants did not know that the Plaintiff was located in the Northern District,

26

27          [2]      Plaintiff cannot contend that Defendants knew they were causing harm in the
     Northern District because they purchased artwork from a Mill Valley-based art dealer.
28  Rather, the alleged acts complained of by Plaintiff, *i.e.*, acts of *copyright infringement*, if any
     took place at all, took place in the Central District of California.

and did not have any knowledge that the brunt of the harm would be felt in the Northern

District.[3]  Barry Decl., ¶ 5.  Defendant Barry had absolutely no knowledge that the allegedly

infringing artwork was created by a northern California artist, would be displayed in hotel

rooms in northern California, and still has no knowledge or belief that the allegedly

infringing artwork has <u>ever</u> been displayed in northern California.  *Id.* at ¶ 6.  In fact, the

Plaintiff herself has no idea if the allegedly infringing artwork has been purchased or

displayed anywhere in northern California.  Plt. Opp., 3:2-4:9.

Plaintiff next claims that another basis for establishing purposeful availment is that a

website containing the allegedly infringing posters can be viewed from art dealer David

Coyle's business computer in Mill Valley.  However, passive advertising, including a passive

website with infringing material does not amount to purposeful availment.  *See ALS Scan,*

*Inc. v. Digital Serv. Consultants, Inc.,* 293 F.3d 707, 714-15 (4th Cir. 2002) (holding that a

website displaying work that infringed a copyright was not enough to confer personal

jurisdiction because defendant "did not direct its electronic activity specifically at any target

in" the jurisdiction); *Federated Rural Elect. Ins. Corp. v. Kootenai Elect. Cooperative*, 17 F.3d

1302, 1305 (10th Cir. 1994) (holding that national advertising did not "rise to the level of

purposeful contact with a forum required by the Constitution in order to exercise personal

jurisdiction over the advertiser").  Here, Defendants' web pages are not targeted to

consumers in the Northern District in particular.  Rather, they are national websites and web

based pictures of the allegedly infringing works do not change this. *ALS Scan, Inc.,* 293 F.3d

at 714.

Based on the foregoing, this action must be dismissed or transferred to the Central

District of California because the Plaintiff cannot establish general or personal jurisdiction.

---

[3]     In this regard, the Ninth Circuit's holding in *Columbia Pictures Television* and
*Bancroft*, does not mandate a finding that Defendants' purposefully availed themselves of
this Court's jurisdiction because in both cases the defendants knew Plaintiff had its principal
place of business within the district.  *Columbia Pictures Television*, 106 F.3d at 289; *Bancroft*
*& Masters, Inc.*, 223 F.3d 1082, 1087 (9th Cir. 2000).  Defendants did not know that Brackett
was based in the Northern District of California.

10

VENABLE LLP
2049 CENTURY PARK EAST, SUITE 2100
LOS ANGELES, CALIFORNIA 90067

**III.    Counts III and IV are Preempted.**

The Copyright Act expressly preempts "all legal and equitable rights that are equivalent to any of the exclusive rights within the general scope of copyright as specified by section 106." *See* 17 U.S.C. § 301. The Ninth Circuit has applied the following two-prong test: a state law cause of action is preempted by the Copyright Act if two elements are present:

> (1)    the rights that a plaintiff asserts under state law must be "rights that are equivalent" to those protected by the Copyright Act. 17 U.S.C. ¶ 301(a).;
>
> (2)    the work involved must fall within the "subject matter" of the Copyright Act as set forth in 17 U.S.C. ¶¶ 102 and 103.

*See Kodadek v. MTV Networks, Inc.,* 152 F.3d 1209, 1212 (9th Cir.1998) (*citing* 1 Nimmer, § 1.01[B] at 1-11) (citations omitted); *see also Goldberg v. Cameron*, 482 F.Supp.2d at 1151.

Counts III and IV of the Complaint, which are for intentional interference with prospective economic relations and intentional interference with contractual relations, are preempted because they claim nothing more than Plaintiff's exclusive right to copy and distribute her artwork, which are equivalent to rights protected by the Copyright Act and fall within its subject matter.

Plaintiff does not argue that the works at issue do not fall within the Copyright Act. Rather, she disputes whether the rights she asserts in Counts III and IV are equivalent to her rights under the Copyright Act. In order to avoid preemption, these counts must be qualitatively different than a copyright claim. Plaintiff's allegations, however, are indistinguishable from copyright claims because both Counts are based solely on Defendants' alleged copying and distribution of Plaintiff's artwork. *See* 17 U.S.C. § 106 ("the owner of a copyright ... has the exclusive rights to do and to authorize" copying, display, reproduction and distribution of copies of their work).

Claims that are qualitatively different are premised on something other than the infringing reproduction of a copyrighted. As the Ninth Circuit articulated,

**VENABLE LLP**
2049 CENTURY PARK EAST, SUITE 2100
LOS ANGELES, CALIFORNIA 90067

MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF REPLY TO DEFENDANTS' MOTION TO DISMISS OR TRANSFER FOR IMPROPER VENUE

V E N A B L E   L L P
2049 CENTURY PARK EAST, SUITE 2100
LOS ANGELES, CALIFORNIA 90067

> the mere presence of an additional element ... is not enough to
> qualitatively distinguish [plaintiff's] claim from a claim in copyright.  The
> extra element must transform the nature of the action.  Although the
> elements of [plaintiff's] state law claims may not be identical to the
> elements in a copyright action, the underlying nature of [plaintiff's] state
> law claims is part and parcel of a copyright claim.

*Laws v. Sony Music Entertainment, Inc.*, 448 F.3d 1134, 1144 (9th Cir. 2006).  Here,

Plaintiff's claims are based solely on Defendants' alleged reproduction and distribution of

Plaintiff's copyright-protected works.  *See* Compl.  ¶¶ 34, 39.  Plaintiff presents no basis for

concluding that her claim asserts anything other than her sole rights of reproduction.

*Compare* Plt. Opp. at 23 (asserting that the distinguishing element is knowledge), and *Laws

v. Sony Music Entertainment, Inc.*, 448 F.3d at 1145 ("the additional element of 'commercial

purpose' does not change the underlying nature of the action").

The cases cited by Plaintiff are not inapposite. [4]  For instance, in *Jonathan Browning,

Inc. v. Venetian Casino Resort LLC*, No. 07-3983, 2007 WL 4532214, at *10 (N.D. Cal., Dec.

17, 2007), the Court found that a claim for unfair competition was not preempted because

there was a factual allegation concerning something other than copying.  In *Jonathan

Browning*, one state law claim was based on defendants' unfair and deceptive practices to

learn the identity of the plaintiff's wholesale supplier and then cut the plaintiff out of the deal

to reproduce the plaintiff's sconces.  *Id.*  This extra factual allegation was what made the

unfair competition claim distinct from a claim enforcing the plaintiff's copyrights.  *Id.*  In other

words, the plaintiff in *Jonathan Browning* would have had a claim for unfair competition

regardless of the copyright status of the works at issue there; the same cannot be said for

Plaintiff's claims.  Rather, her claims are similar to those in *Jonathan Browning* that the Court

found ***were*** preempted.  Compare *id.* at *9 (finding that the contract claim was based solely

on defendants copying despite an "understanding not to reproduce or copy its sconces"), *and*

---

[4]    In particular, *Brush Creek Media, Inc. v. Boujaklian*, 2002 WL 19006620 (N.D.
Cal., 2002), is not on point because the Court's conclusion was that Plaintiff could not
"maintain a copyright infringement claim" and, therefore, the claims were not preempted.
Additionally, the cases cited by Plaintiff all pre-date *Laws*, which is binding precedent from
the Ninth Circuit.

12

Compl. ¶¶ 34 ("mass-produc[ed] prints…[and] pushed forward even though the copying, distribution, and display of the works were clear violations of U.S. copyright law"); *id.* at ¶ 39 (allegation based on the notion that Defendants "mass-produced" Plaintiff's artwork).

Contrary to Plaintiff's contention the Ninth Circuit has not found that copyright law never preempts state tortious interference claims. Rather, in *Alterra*, the case Plaintiff relies upon, the Court very clearly found that "the right at issue is not the reproduction of the software as Clear Logic argues, but is more appropriately characterized as the use of the bitstream." *See Alterra Corp. v. Clear Logic, Inc.*, 424 F.3d 1079, 1089 (9th Cir. 2005). In Plaintiff's case the right at issue is exactly reproduction of her copyright work and as such her claims are preempted by copyright law.

## IV.    Conclusion.

For the reasons stated above, and those expressed in Defendants' Memorandum of Points and Authorities in Support of this Motion, Defendants respectfully request that the Court dismiss the action or transfer it to the Central District of California. Defendants also respectfully request that the Court dismiss Counts III and IV, which are preempted by Federal Copyright Law.

                                        VENABLE LLP

DATED:  June 5, 2008                    _____/s/_____
                                        Thomas J. Speiss, III
                                        Counsel for Defendants

**VENABLE LLP**
2049 CENTURY PARK EAST, SUITE 2100
LOS ANGELES, CALIFORNIA 90067

MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF REPLY TO DEFENDANTS' MOTION TO DISMISS OR TRANSFER FOR IMPROPER VENUE