1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

**United States District Court**
For the Northern District of California

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

BERENICE BRACKETT,

        Plaintiff,

    v.

HILTON HOTELS CORPORATION, a Delaware
corporation, HILTON SUPPLY MANAGEMENT,
INC., a Delaware corporation, KEVIN A.
BARRY, an individual, KEVIN BARRY FINE
ART ASSOCIATES, a California corporation,
JOHN or JANE DOES 1–100, individuals of
presently unknown identity, and ABC
CORPORATIONS 1–300, corporations of
presently unknown identity,

        Defendants.

_____/

No. C 08-02100 WHA

**ORDER DENYING
DEFENDANTS'
MOTION TO DISMISS
OR TRANSFER FOR
IMPROPER VENUE
AND TO DISMISS
COUNTS III AND IV**

**INTRODUCTION**

In this copyright infringement action, defendants move to dismiss for improper venue

or to transfer the action to the Central District of California. Defendants also move to dismiss

Counts III and IV of plaintiff's complaint, arguing that those state law claims are preempted by

federal copyright law. For the reasons stated below, defendants' motion is **DENIED** in its

entirety.

**STATEMENT**

Plaintiff is an artist who lives and works in Sonoma County. Defendant Hilton Hotels

Corporation is an international company incorporated in Delaware that has its worldwide

United States District Court
For the Northern District of California

1 headquarters in Beverly Hills.  Defendant Hilton Supply Management, Inc., is a Hilton

2 subsidiary also incorporated in Delaware and headquartered in Beverly Hills.

3 Defendant Kevin A. Barry is a Los Angeles-based art dealer.  Defendant Kevin Barry Fine

4 Art Associates is a California corporation with its business address in Los Angeles.

5        In 2002 and 2003, plaintiff painted three original pastels entitled *Great Expectations*,

6 *Winter's Velvet*, and *Falling Into Place*.  She registered all three of these paintings with the

7 U.S. Copyright Office, under registration numbers VA 1-627-549 (*Great Expectations*),

8 VA 1-627-551 (*Winter's Velvet*), and VA 1-627-553 (*Falling Into Place*).

9        In addition to her paintings, plaintiff sells limited-edition digital prints of her artwork,

10 known as "giclées."  Plaintiff sells these prints in runs of no more than 150 copies, hand signs

11 each one, and makes a notation on the print of its order within the run.

12        According to plaintiff, two or more years ago, defendant Kevin Barry purchased one

13 giclée each of *Great Expectations*, *Winter's Velvet*, and *Falling Into Place* from ArtBrokers,

14 Inc., the Marin County-based art dealer that has exclusive rights to sell plaintiff's giclées.

15 Plaintiff claims that Mr. Barry was acting on behalf of his company, Kevin Barry Fine Art

16 Associates.  The giclées were allegedly ordered, shipped, invoiced, and paid for in

17 Marin County (Opp. 3).  These purchases were three of over eighty alleged transactions that

18 occurred between ArtBrokers and the Barry defendants beginning in May 2003 (*ibid*.).

19        When defendant Barry purchased plaintiff's giclées, he allegedly asked ArtBrokers

20 whether plaintiff might be interested in making bulk sales of her artwork to his company at a

21 price of $5.00 per print (*id*. at 4).  Plaintiff says ArtBrokers turned down the offer, and

22 defendant Barry "was denied permission to make any purchases, sales, or displays of her art"

23 (Compl. ¶ 16).

24        Nonetheless, according to plaintiff, defendant Barry "with the knowledge and approval

25 of Hilton and the other defendants . . . made (or had made) large numbers of reproductions

26 of Ms. Brackett's works" (*id*. at ¶ 17).  Plaintiff claims that defendant Barry sold at least

27 934 unauthorized copies of her paintings to Hilton Supply Management, and those prints

28 were then resold to Hilton's franchisees.

**United States District Court**
For the Northern District of California

1    Plaintiff says she learned of this alleged copyright infringement when she saw her

2    artwork on the website of Homewood Suites, a Hilton division that caters to extended-stay

3    guests.  Copies of *Great Expectations*, *Winter's Velvet*, and *Falling Into Place* appeared in

4    model rooms advertised on web pages directed at potential Homewood Suites franchisees.

5    Additionally, plaintiff claims that at least two of the paintings appeared on the web pages of

6    individual Homewood Suites hotels as part of a "virtual tour" feature.  Plaintiff speculates

7    that "hundreds or even thousands of unauthorized copies of [her] works are hanging in

8    Homewood Suites hotel rooms across the United States" (*id*. at ¶ 19).

9    Plaintiff claims that defendants removed her name and the limited-edition print number

10   from each of the prints before displaying them.  She also claims that defendants made subtle

11   alterations to one or more of the works — for example, by transposing elements in the

12   background of the painting (*id*. at ¶ 20).

13   On April 22, 2008, plaintiff filed this action in the Northern District, alleging claims

14   under federal copyright law and California state law.  On May 13, 2008, defendants moved to

15   dismiss the action for improper venue or, alternatively, to transfer the action to the

16   Central District.  Defendants also moved to dismiss Counts III and IV of plaintiff's

17   complaint, which allege state law tortious interference claims.

**ANALYSIS**

19   **1.    MOTION TO DISMISS OR TRANSFER FOR IMPROPER VENUE.**

20   Defendants argue that this action must be dismissed for improper venue or transferred

21   to the Central District of California because the federal copyright venue statute, 28 U.S.C.

22   1400(a), requires that copyright infringement claims be brought in the district where defendants

23   reside.  In the alternative, defendants request a discretionary transfer pursuant to 28 U.S.C.

24   1404(a).

25   **A.    Motion to Dismiss.**

26   Venue for copyright claims is governed by 28 U.S.C. 1400(a), which provides that a

27   suit "may be instituted in the district in which the defendant or his agent resides or may be

28   found."  At oral argument, defendants' counsel suggested that venue is proper only in the

United States District Court

For the Northern District of California

1    Central District because that is where plaintiff's paintings were allegedly copied and displayed.

2    The test for venue in a copyright infringement suit, however, is not whether the works were

3    copied and displayed in the forum. Rather, the Ninth Circuit has interpreted Section 1400(a) to

4    mean that venue "is proper in any judicial district in which the defendant would be amenable to

5    personal jurisdiction if the district were a separate state."[1] *Columbia Pictures Television v.*

6    *Krypton Broad. of Birmingham, Inc.*, 106 F.3d 284, 289 (9th Cir. 1997) (overruled on other

7    grounds). An analysis of defendants' motion to dismiss for improper venue thus requires an

8    analysis of personal jurisdiction. Though personal jurisdiction is normally a statewide concept,

9    this order, following *Columbia Pictures*, will treat the Northern District as if it were its own

10   state for the purpose of establishing personal jurisdiction over defendants. *Ibid*.

11          This portion of the order can consider facts outside the pleadings but must take

12   plaintiff's version of the facts as true where that version is not directly controverted. *Doe* v.

13   *Unocal Corp.*, 248 F.3d 915, 922 (9th Cir. 2001). Because defendants' motion is based on

14   written materials, plaintiff need only make a prima facie showing of personal jurisdiction.

15   *Schwarzenegger v. Fred Martin Motor Co.*, 374 F.3d 797, 800 (9th Cir. 2004).

16          Personal jurisdiction can be either general or specific. Specific jurisdiction exists

17   when a suit arises out of or is related to the defendant's contacts with the forum.

18   *Helicopteros Nacionales de Colombia, S.A. v. Hall*, 466 U.S. 408, 414 n.8 (1984).

19   General jurisdiction refers to the authority of the court to exercise jurisdiction even where the

20   cause of action is unrelated to the defendant's contacts with the forum. *Id*. at 414 n.9.

21   _____

22          [1] Plaintiff argues that the Ninth Circuit meant for this test to apply only to non-resident corporations
     and, given that defendants are all residents of California, venue is automatically proper in this district. She cites

23   the legislative history of the general venue statute, 28 U.S.C. 1391(c), as well as decisions from the Federal
     Circuit and the Northern District analogizing the patent and copyright venue provisions to Section 1391(c).

24   *See V.E. Holding Corp. v. Johnson Gas Appliance Co.*, 917 F.2d 1574, 1575–84 (finding Section 1391(c)
     applicable to venue determinations under Section 1400(b) in a patent case); *Autodesk, Inc. v. R.K. Mace Eng'g*,

25   2004 WL 603382, at *9 (N.D. Cal. 2004) (Walker, J.) (holding that Section 1400(a) should be read in light of
     1391(c)). In *Goldberg v. Cameron*, however, this Court held that venue in copyright suits is governed not by

26   Section 1391(c) but by Section 1400(a), making clear that the two provisions are distinct. 482 F. Supp. 2d
     1136, 1143 (N.D. Cal. 2007) (Whyte, J.). The *Goldberg* defendants (though individuals, not corporations) were

27   residents of Los Angeles, and Judge Whyte nonetheless applied the *Columbia Pictures* test to determine
     whether venue was proper in the Northern District. The caselaw on this issue is thus mixed. Because this order

28   finds that personal jurisdiction exists over defendants in the Northern District, it need not reach the question of
     whether a corporation that is incorporated, licensed to do business, or headquartered in this state should
     automatically be subject to venue in any district of the state under Section 1400(a).

Plaintiff argues that the Northern District, if it were a separate state, would have both general and specific jurisdiction over defendants. Defendants argue the opposite.[2] This order finds that plaintiff has established a prima facie case of specific jurisdiction with respect to the Barry defendants and a prima facie case of general jurisdiction with respect to the Hilton defendants.

### *(1)    Specific Jurisdiction.*

For a court to exercise specific jurisdiction over a nonresident defendant, the following requirements must be met:

(1)    The non-resident defendant must purposefully direct his activities or consummate some transaction with the forum or resident thereof; *or* perform some act by which he purposefully avails himself of the privileges of conducting activities in the forum, thereby invoking the benefits and protections of its laws;

(2)    the claim must be one which arises out of or relates to the defendant's forum-related activities; and

(3)    the exercise of jurisdiction must comport with fair play and substantial justice, *i.e.*, it must be reasonable.

*Schwarzenegger*, 374 F.3d at 802. Again, while the forum in question would normally be the state, this order must analyze specific jurisdiction in the Northern District for the purpose of establishing venue under the Copyright Act. *Columbia Pictures*, 106 F.3d at 289. Plaintiff carries the burden of establishing specific jurisdiction and has met that burden with respect to defendants Kevin Barry and Kevin Barry Fine Art Associates.[3]

---

[2] Defendants argue in part that this action should be dismissed because plaintiff cited 28 U.S.C. 1391(b)(2), the venue statute applicable to her state-law claims, in her complaint but did not cite 28 U.S.C. 1400(a), which applies to her copyright claims. Given that plaintiff was not required to plead venue at all in her complaint, her omission is not fatal. *See* Fed. R. Civ. P. 8(a); *Dudash v. Varnell Struck & Assoc., Inc.*, 2004 WL 2623903, at *4 (N.D. Cal. 2004) (Patel, J.).

[3] Plaintiff argues that specific jurisdiction also exists with respect to the Hilton defendants because they directed their business toward the Northern District by displaying images on their website of hotel rooms with plaintiff's paintings on the walls. Those images, plaintiff claims, were both viewable and viewed by consumers in this district. Because this order finds that general jurisdiction exists over the Hilton defendants, it need not address whether the Hilton defendants' website advertising constitutes purposeful direction.

### (a)     Purposeful direction.

To establish venue in the Northern District, plaintiff must first demonstrate that defendants purposefully availed themselves of the privilege of doing business in this district or purposefully directed their activities toward the district.  The Ninth Circuit has noted that purposeful availment and purposeful direction are distinct concepts and that purposeful direction is the proper analysis to apply in a tort suit.  *Ibid*.  Because copyright infringement claims sound in tort, a purposeful direction analysis is appropriate here.  *See Brayton Purcell LLP v. Recordon & Recordon*, 361 F. Supp. 2d 1135, 1140 (N.D. Cal. 2005) (Chen, J.).

Purposeful direction is analyzed under a three-part "effects" test, which "requires that the defendant allegedly have (1) committed an intentional act, (2) expressly aimed at the forum state, (3) causing harm that the defendant knows is likely to be suffered in the forum state." *Schwarzenegger*, 374 F.3d at 803.

*First*, plaintiff must allege an intentional act on the part of defendants.  This prong of the effects test is met.  Plaintiff has alleged that Kevin Barry, acting on behalf of Kevin Barry Fine Art Associates, selected and purchased her prints and intentionally copied them knowing that they were covered by a copyright.  Plainly, these are allegations of intentional acts.

*Second*, plaintiff must show that defendants' intentional acts were expressly aimed at the forum.  Plaintiff has alleged that defendants purposefully directed their activities toward the Northern District "by browsing and selecting from the art collection of Ms. Brackett's Marin County art dealer, including through in-person visits; by placing orders in Martin County for Ms. Brackett's artwork; and by purchasing and paying for the artwork there" (Opp. 12).  Plaintiff cites *Columbia Pictures* for the proposition that the effects test is satisfied where a plaintiff alleges willful infringement against a defendant who knew that the copyright was owned in the forum district.  106 F.3d at 289.  Defendants argue that *Columbia Pictures* does not mandate a finding of specific jurisdiction because in that case the defendant knew that the plaintiff had its principal place of business within the district, whereas defendants here did not know that plaintiff was based in the Northern District, even if they knew that her art broker was.

**United States District Court**
For the Northern District of California

1    It is true that plaintiff has provided no evidence that defendants knew that she resided in

2    the Northern District.  For the purpose of this motion to dismiss, however, it is sufficient that

3    plaintiff has alleged that defendant Barry knew that her art dealer was based in this district.

4    Mr. Barry's intentional act of purchasing plaintiff's prints was expressly aimed at this district;

5    indeed, this was the only district in which he *could* have purchased the prints given that plaintiff

6    sells her giclées exclusively through ArtBrokers.  Plaintiff need only make a prima facie

7    showing of jurisdiction, and she has satisfied the second prong of the effects test.

8    *Third*, defendants' act must have caused harm that defendants knew would likely be

9    suffered in the forum.  At the very least, there is evidence that defendant Barry knew that

10   ArtBrokers was based in this district, and he knew or should have known that ArtBrokers would

11   likely suffer some harm from his alleged infringement.  This prong of the test is thus met even if

12   defendant Barry truly did not know that plaintiff resided in the Northern District.  The goal of

13   the effects test is to establish jurisdiction where the effects of a defendant's contacts are felt in

14   the forum.  *See Calder v. Jones*, 465 U.S. 783 (1984).  Such is the case here.

15                    **(b)    Defendants' forum-related activities.**

16   Next, plaintiff must show that her claim arises out of or relates to defendants' activities

17   in the Northern District.  This requires a showing of 'but for' causation — plaintiff must

18   demonstrate that she would not have been injured but for defendants' conduct directed toward

19   her in the forum.  *Ziegler v. Indian River County*, 64 F.3d 470, 474 (9th Cir. 1995).  Plaintiff

20   has met her burden.  The Barry defendants' acquisition of plaintiff's copyrighted artwork from

21   this district was the 'but for' cause of plaintiff's alleged injury.

22                    **(c)    Fair play and substantial justice.**

23   Finally, where a plaintiff has satisfied the first two prongs of the specific jurisdiction

24   test, "the burden then shifts to the defendant to present a compelling case that the exercise of

25   jurisdiction would not be reasonable."  *Haisten v. Grass Valley Med. Reimbursement Fund,*

26   *Ltd.*, 784 F.2d 1392, 1397 (9th Cir. 1986).  Reasonableness is assessed by weighing:

27                    1.      The extent of the defendant's purposeful injection into the forum;

28                    2.      The defendant's burdens from litigating in the forum;

United States District Court

For the Northern District of California

1                3.      The extent of conflict with the sovereignty of the defendant's

2 state;

3                4.      The forum state's interest in adjudicating the dispute;

4                5.      The most efficient judicial resolution of the controversy;

5                6.      The importance of the forum to the plaintiff's interest in

6 convenient and effective relief; and

7                7.      The existence of an alternative forum.

8 *Ziegler*, 64 F.3d at 475–76.

9       Defendants have failed to present a compelling case that the exercise of jurisdiction

10 would be unreasonable here.  Most notably, they have failed to demonstrate that the burden to

11 them of litigating in the Northern District outweighs the general presumption in favor of

12 plaintiff's choice of forum.  Relevant discovery materials will likely be found in both districts,

13 and there is no sovereignty conflict where the choice is between two district courts of the same

14 state.  Furthermore, the Northern District has an interest in adjudicating the copyright

15 infringement claims of its residents.  The exercise of specific jurisdiction over the Barry

16 defendants comports with fair play and substantial justice.[4]

17                 *(2)*      *General Jurisdiction.*

18       General jurisdiction refers to a district court's power to exercise jurisdiction over a

19 defendant who has "substantial" or "continuous and systematic" contacts with the forum,

20 regardless of whether the action is related to those contacts.  *Helicopteros*, 466 U.S. at 415.

21 The defendant's contacts must "be of the sort that approximate physical presence."  *Bancroft &*

22 *Masters, Inc. v. Augusta Nat'l, Inc.*, 223 F.3d 1082, 1086 (9th Cir. 2000).  Relevant factors are

23 "whether the defendant makes sales, solicits or engages in business in the state, serves the state's

24

25      [4] Plaintiff argues that each defendant in this case acted as the agent of the other and thus that if specific jurisdiction exists with respect to the Barry defendants, it exists with respect to the Hilton defendants as well. It is true that 28 U.S.C. 1400(a) specifies that venue lies where a defendant *or his agent* may be found.

26 To satisfy the agency test, however, "the plaintiff must make a prima facie showing that the subsidiary represents the parent corporation by performing services sufficiently important to the [parent] corporation that

27 if it did not have a representative to perform them, the [parent] corporation . . . would undertake to perform substantially similar services." *Harris Rutsky & Co. Ins. Servs., Inc. v. Bell & Clements Ltd.*, 328 F.3d 1122,

28 1135 (9th Cir. 2003).  Plaintiff has not made such a showing and thus cannot rest her argument for jurisdiction over the Hilton defendants on a conclusory allegation that the Barry defendants acted as Hilton's agents.

1   markets, designates an agent for service of process, holds a license, or is incorporated there."

2   *Ibid*. While general jurisdiction like specific jurisdiction would normally exist statewide if at

3   all, the Ninth Circuit's interpretation of Section 1400(a) mandates that this order treat the

4   Northern District as its own state for the purpose of analyzing jurisdiction (and thus venue).

5   *Columbia Pictures*, 106 F.3d at 289.

6       Plaintiff has alleged that "the Hilton defendants own, franchise, or manage over fifty

7   hotels in this district" (Opp. 15). Both defendants are licensed to do business throughout the

8   state of California including in the Northern District (Bernstein Decl. Exh. A). Defendant Hilton

9   Hotels Corporation provides a variety of services in this district, including renting out thousands

10  of hotel rooms, conference rooms, meeting rooms and offices, and providing spa services and

11  dining facilities (*ibid*.). Defendant Hilton Supply Management "acts as the purchasing arm of

12  Hilton Hotels, buying the supplies (including artwork) that are then used to furnish Hilton's

13  Hotels" (*id*. at 15–16).

14      Defendants cite *Helicopteros* for the proposition that Hilton Supply Management's

15  contacts are insufficient to support general jurisdiction. 466 U.S. at 413. In *Helicopteros*,

16  however, the defendant was a foreign corporation based in Colombia, and the Court emphasized

17  the fact that the defendant had no place of business in the forum, nor was it licensed to do

18  business there. *Id*. at 416. Hilton Supply Management on the other hand is licensed to do

19  business in the Northern District, and plaintiff has provided evidence that it does conduct such

20  business in this district.

21      Defendants do not controvert plaintiff's claims that Hilton Supply Management acts as

22  the purchasing arm for Hilton Hotels Corporation, which operates thousands of hotel rooms

23  throughout the Northern District. Plaintiff's allegations thus constitute a prima facie showing

24  that Hilton Hotels Corporation and Hilton Supply Management have minimum contacts with this

25  district "such that the maintenance of the suit does not offend traditional notions of fair play and

26  substantial justice." *Int'l Shoe Co. v. Washington*, 326 U.S. 310, 316 (1945).

27

28

**United States District Court**
For the Northern District of California

**B.    Motion to Transfer.**

Next, defendants argue that this Court should exercise its discretion under 28 U.S.C. 1404(a) to transfer the action "[f]or the convenience of parties and witnesses [or] in the interest of justice."  The purpose of Section 1404(a) is "to prevent the waste of time, energy, and money and to protect litigants, witnesses and the public against unnecessary inconvenience and expense."  *Van Dusen v. Barrack*, 376 U.S. 612, 616 (1964 ).  In assessing a motion to transfer for convenience, the court considers both public factors which go to the interests of justice and private factors, which go to the convenience of the parties and witnesses.  *Ibid.*

*(1)    Private interest factors.*

Relevant convenience and fairness factors include ease of access to sources of proof, plaintiff's choice of forum, relative convenience to parties, and relative convenience to witnesses.  *Decker Coal Co. v. Commonwealth Edison Co.*, 805 F.2d 834, 843 (9th Cir. 1986). Defendants argue that because the copyright infringement at issue is alleged to have occurred in the Central District and because it will burden them to litigate in the Northern District, the Central District is the proper forum.

Regarding access to sources of proof, defendants contend that the locations of interest are all in the Central District, including the model hotel rooms alleged to have contained copies of plaintiff's work as well as any documentation of copyright infringement that might exist. Given technological advances in document storage and retrieval, transporting documents between districts does not generally create a burden.  *Vitria Tech. Inc. v. Cincinnati Ins. Co.*, 2005 WL 2431192, at *3 (N.D. Cal. 2005) (Ware, J.).  Nonetheless, to the extent that "the bulk of the relevant evidence usually comes from the accused infringer" in a copyright infringement case, this factor weighs slightly in favor of transfer.  *AEC One Stop Group., Inc. v. CD Listening Bar, Inc.*, 326 F. Supp. 2d 525, 530 (S.D.N.Y. 2004).

The next factor is plaintiff's choice of forum.  Defendants' contention that a plaintiff's choice of forum is entitled to minimal consideration is incorrect.  Rather, there is a general presumption in favor of a plaintiff's choice of forum and "[t]he defendant must make a strong showing of inconvenience" to overcome that presumption.  *Decker Coal*, 805 F.2d at 843.

10

United States District Court

For the Northern District of California

1   Defendants have failed to make such a showing.  Plaintiff chose to file suit in the

2   Northern District because she lives and works in Sonoma County and her art dealer is based

3   in Marin County.  She says she travels to Los Angeles only once every several years and it

4   would be both inconvenient and expensive for her to litigate this case in the Central District.

5   This factor weighs against transfer.

6          Turning to the convenience of the parties, while "the parties' relative financial ability

7   is not entitled to great weight," it is a relevant consideration.  *Toy v. Gen. Elec. Co.*, 1995

8   WL 396848, at *3 ( N.D. Cal. 1995) (Aguilar, J.).  Plaintiff is an individual artist while

9   defendant Hilton Hotels Corporation is the leading hospitality company in the world.

10  The inconvenience to plaintiff of litigating this case in the Central District is almost certainly

11  greater than the inconvenience to the Hilton defendants of litigating in the Northern District.

12  This factor thus weighs against transfer.

13         The final consideration is the convenience of witnesses.  Depositions are not a factor in

14  this analysis because they usually occur where witnesses reside.  Testimony at trial is what

15  matters.  This includes convenience for all witnesses and, a separate but related concern, the

16  availability of compulsory process to bring unwilling witnesses live before the jury.

17         Regarding witness convenience, as plaintiff points out, defendants have not identified

18  any Central District witnesses whose testimony will be necessary to their case.  This Court has

19  held that "[t]o demonstrate inconvenience of witnesses, the moving party must identify relevant

20  witnesses, state their location and describe their testimony and its relevance."  *Williams v.*

21  *Bowman*, 157 F. Supp. 2d 1103, 1108 (N.D. Cal. 2001) (Walker, J.).  Defendants have not done

22  so with adequate specificity.  Plaintiff, on the other hand, has identified three potential witnesses:

23  Victoria Ryan and Woodward Payne, fellow artists and residents of the Northern District who

24  claim that defendants also copied their artwork, and David Coyle, president of ArtBrokers, who

25  plaintiff says can testify to the wilfulness of defendants' alleged infringement.  Without more

26  information from defendants, the convenience-of-witnesses-factor favors plaintiff.

27         Regarding the availability of compulsory process to bring unwilling witnesses live

28  before the jury, both parties suggest that a California district court lacks the power to subpoena

11

United States District Court

For the Northern District of California

1   non-party witnesses who reside outside of the district.  Plaintiff argues that her witnesses,

2   residents of the Northern District, could not be "compelled to attend a trial in Los Angeles"

3   (Opp. 19).  Similarly, defendants contend that any witnesses they might wish to call who

4   reside in the Central District would be "outside the subpoena power of this Court" (Br. 7).

5   These statements are incorrect.  The California district courts have the power to subpoena

6   witnesses throughout the state pursuant to FRCP 45(b)(2)(C), which provides that a subpoena

7   may be served anywhere within the state of the issuing court if a state statute allows statewide

8   service.  Section 1989 of the California Code of Civil Procedure is the state statute authorizing

9   such service.  The parties have listed no witnesses who reside outside of California.  The ability

10  to compel the testimony of non-party witnesses is thus a neutral factor in the transfer analysis.

### (2)    *Public interest factors*.

12      Relevant public interest considerations include degrees of court congestion, local interest

13  in deciding local controversies, potential conflicts of laws, and burdening citizens of an unrelated

14  forum with jury duty.  *Decker Coal*, 805 F.2d at 843.  On balance, the public-interest factors,

15  like the private-interest factors, weigh against transferring this action, especially given that the

16  undersigned's own practice is to bring civil cases to trial within twelve to fourteen months of the

17  first appearance.  The delay resulting from a transfer, even one made in a case this young, can be

18  significant.

19      Defendants have not carried their burden sufficiently to justify a transfer under 28 U.S.C.

20  1404(a).

### 2.    MOTION TO DISMISS COUNTS III AND IV.

22      Next, defendants argue that plaintiff's complaint fails to allege a state law claim that is

23  not preempted by federal copyright law.  In particular, defendants move to dismiss Counts III

24  and IV of plaintiff's complaint, which allege intentional interference with prospective economic

25  relations (Count III) and intentional interference with contractual relations (Count IV).

26      A motion to dismiss under Rule 12(b)(6) tests for the legal sufficiency of the claims

27  alleged in the complaint.  *See Parks Sch. of Business v. Symington*, 51 F.3d 1480, 1484 (9th Cir.

28  1995).  All material allegations of the complaint are taken as true and construed in the light most

favorable to the non-moving party. *Cahill v. Liberty Mut. Ins. Co.*, 80 F.3d 336, 340 (9th Cir. 1996). Though this order considered facts outside of plaintiff's complaint in its analysis of defendants' motion to transfer, it cannot do so here.

Section 301 of the Copyright Act addresses the circumstances in which the Act "preempts legal and equitable rights granted by state common law or statute." *Laws v. Sony Music Entm't*, 448 F.3d 1134, 1137 (9th Cir. 2006). The Ninth Circuit has developed a two-part test to determine whether the Act preempts a state law claim:

> We must first determine whether the "subject matter" of the state law claim falls within the subject matter of copyright as described in 17 U.S.C. §§ 102 and 103. Second, assuming that it does, we must determine whether the rights asserted under state law are equivalent to the rights contained in 17 U.S.C. § 106, which articulates the exclusive rights of copyright holders.

*Id*. at 1137–38. Fundamentally, this requires an analysis of "whether the state law claim contains an element not shared by the federal law; an element which changes the nature of the action so that it is qualitatively different from a copyright infringement claim." *Summit Mach. Tool Mfg. Corp. v. Victor CNC Sys., Inc.*, 7 F.3d 1434, 1439–40 (9th Cir. 1993).

Defendants correctly argue that the first prong of the preemption test is satisfied because plaintiff's paintings fall within the definition of copyrightable works under 17 U.S.C. 102. Plaintiff does not contest this point.

The second prong defendants maintain is also met because plaintiff's state law causes of action are not qualitatively different from the rights laid out in Section 106 of the Copyright Act, which protects a copyright owner's exclusive rights to reproduce her work, prepare derivative works, and distribute copies of her work.

Taking all of the allegations in plaintiff's complaint as true, however, Counts III and IV do raise at least one claim not covered by the Copyright Act. Federal copyright law does not address defendants' alleged interference with the contracts plaintiff entered into with other customers who purchased limited-edition prints. Those customers understood that they were buying a print of which there were a limited number in existence. Plaintiff claims that defendants knew she ran this limited edition print business and nonetheless made an indeterminate number of copies of her prints and displayed them in Hilton hotel rooms. In so

13

United States District Court

For the Northern District of California

1    doing, plaintiff argues, defendants disrupted the foundation of her contracts with her other

2    customers and caused her economic damage.

3        In cases in which a third-party contractual relationship is alleged to have been disrupted

4    by a defendant's infringement of a copyright, "[m]ost courts have held that the Copyright Act

5    does *not* preempt the enforcement of contractual rights." *Altera Corp. v. Clear Logic, Inc.*,

6    424 F.3d 1079 (9th Cir. 2005). Defendants argue that because Counts III and IV of plaintiff's

7    complaint could not exist absent the alleged copying of her work by defendants, they are

8    preempted. Holding as such would essentially preempt any state law claim stemming from

9    alleged copyright infringement even if that claim added an element that changed the nature of the

10   action. The Ninth Circuit has made clear that where a state law claim adds an additional

11   element, it is not preempted by Section 301. Counts III and IV add such an element.

12       This case is distinguishable from *Sybersound Records, Inc. v. UAV Corp.*, in which the

13   Ninth Circuit found that the plaintiff had failed to state a claim for intentional interference with

14   prospective economic relations because its allegations did not demonstrate or allow for an

15   inference that its relationships with its customers were disrupted. 517 F.3d 1137, 1151 (9th Cir.

16   2008). Here, plaintiff has alleged facts sufficient to support such an inference. The market for

17   her giclées depended upon the existence of a limited number of prints and she has alleged that

18   that market suffered as a result of defendants' actions (Compl. ¶ 35). Plaintiff will need to prove

19   these allegations at trial but they must be taken as true for the purpose of this motion to dismiss.

20   Counts III and IV therefore survive defendants' motion to dismiss.

21                                        **CONCLUSION**

22       For all of the above-stated reasons, defendants' motion is **DENIED**.

23

24       **IT IS SO ORDERED.**

25

26   Dated:  June 30, 2008.
                                              _____
27                                            WILLIAM ALSUP
                                              UNITED STATES DISTRICT JUDGE
28