1  MARC N. BERNSTEIN (SBN 145837)
   Email: mbernstein@blgrp.com
2  SUSAN S. BORANIAN (SBN 173788)
   Email: sboranian@blgrp.com
3  THE BERNSTEIN LAW GROUP, P.C.
   555 Montgomery Street, Suite 1650
4  San Francisco, CA  94111
   Telephone: (415) 765-6633
5  Facsimile: (415) 283-4804

6  Attorneys for Plaintiff,
   BERENICE BRACKETT
7

8                UNITED STATES DISTRICT COURT

9                NORTHERN DISTRICT OF CALIFORNIA

10                  SAN FRANCISCO DIVISION

11

12  BERENICE BRACKETT,                 ) Case No. CV 08-02100 WHA
                                       )
13      Plaintiff,                     )
                                       )
14  vs.                                )
                                       )
15  HILTON HOTELS CORPORATION, a       )
    Delaware Corporation, HILTON       ) **PLAINTIFF BERENICE BRACKETT'S**
16  SUPPLY MANAGEMENT, INC., a         ) **NOTICE OF MOTION AND MOTION**
    Delaware Corporation, KEVIN A.     ) **TO MODIFY DEADLINE TO AMEND**
17  BARRY, an individual, KEVIN BARRY  ) **PLEADINGS**
    FINE ART ASSOCIATES, a California  )
18  Corporation, JOHN or JANE DOES 1-  )
    100, individuals of presently unknown ) Hearing:      August 14, 2008
19  identity, and ABC CORPORATIONS 1-  ) Time:          8:00 a.m.
    300, corporations of presently unknown ) Courtroom:   9
20  identity,                          ) Judge:         Hon. William H. Alsup
                                       )
21      Defendants.                    )
                                       )
22                                     )
                                       )
23  _____)

24

25

26

27

---

Plaintiff's Motion to Modify Deadline to Amend                    Case No. CV 08-02100 WHA

TO ALL PARTIES AND COUNSEL:

PLEASE TAKE NOTICE that at 8:00 a.m. on August 14, 2008, in Courtroom 9 of the U.S. District Court, 450 Golden Gate Avenue, San Francisco, California, or at such other date and time as the Court may order, plaintiff Berenice Brackett will and hereby does move the Court under Civil Local Rule 16-2(d) to amend its June 30, 2008 Case Management Order to allow Ms. Brackett to seek leave to add new parties or claims, or otherwise amend her complaint, anytime within 105 days of the July 8, 2008 opening date of discovery. This motion will be based on this Notice of Motion and Motion, any reply Ms. Brackett subsequently may file, and such argument of counsel as the Court permits.

The Court's June 30, 2008 Case Management Order gives Ms. Brackett eight days, or until July 8, 2008, to seek leave to add new parties to her complaint, or otherwise to amend it. Ms. Brackett seeks additional time for amendments because, as described more fully below, she does not currently know the identities of the defendants pleaded as "Doe" or "ABC Corporation" defendants, or have the facts she would like before pleading claims subject to the special pleading requirements of Federal Rule of Civil Procedure 9(b). Accordingly, Ms. Brackett respectfully requests 105 days from the July 8, 2008 opening date of discovery, or until October 21, 2008, to seek leave to amend her complaint, including to add new claims or parties.

Counsel for all parties have conferred about this motion, and counsel for defendants has stated that no defendant opposes it. Defendants' agreement not to oppose the motion is conditioned on the agreement not constituting a waiver and/or admission of any arguments the defendants may make, or defenses they may plead, in this action. The agreement is further not to constitute defendants' agreement to, or waiver of, any argument concerning whether any and all unnamed third parties may be subject to jurisdiction and/or venue within the Northern District of California.

## I. THE NEED FOR AN OPPORTUNITY TO AMEND

In this case plaintiff Brennie Brackett alleges that Hilton Hotels and other named defendants unlawfully copied, distributed, and publicly displayed her artwork on a large scale. (Compl. pp.1-7.) Each of the acts of copying, distribution, and public display of an original work of authorship is a distinct act of copyright infringement, giving rise to damages. 17 U.S.C. § 106(1), (3), & (5).

The complaint includes the four named defendants as among those who carried out unauthorized infringement of Ms. Brackett's artwork. (Compl. pp. 1-7.) But it also makes clear that there were likely others who took part in these activities. (*Id.* at ¶¶ 10-11.) Specifically, the complaint alleges that there were one or more other individuals or companies who actually carried out the alteration and the actual physical copying of Ms. Brackett's artwork. (*Id.*) It further alleges that the infringement did not end with this alteration and copying. (*Id.*) The artwork has appeared on the Web pages of Hilton hotels across the country, suggesting that after the alteration and copying came unlawful distribution and public display. (Compl. ¶ 19.) Because a large number of Hilton hotels are owned by franchisees (although Ms. Brackett does not yet know which ones), Ms. Brackett's complaint alleges that as-yet unknown Hilton franchisees may be liable to her for their own acts of infringement. (Compl. ¶ 11.) A copyright plaintiff is entitled to disgorge the profits of infringers up and down the chain of commerce. *Frank Music Corp. v. Metro-Goldwyn-Mayer, Inc.*, 772 F.2d 505, 519 (9th Cir. 1985) ("[E]ach defendant is severally liable for his or its own illegal *profit*.")

In addition, because Hilton Hotels Corporation carries out its day-to-day activities through a number of wholly-owned subsidiaries (of which defendant Hilton Supply Management, Inc. is one example), the complaint also alleges that other, as-yet unknown, Hilton entities may be liable to Ms. Brackett for the unauthorized copying, distribution, and public display of her work. (Compl. ¶ 11.)

2

1  So there may be further defendants.  But Ms. Brackett also anticipates the
2  possibility of additional claims.  Out of deference to the heightened pleading
3  standard of Federal Rule of Civil Procedure 9(b), which would likely apply to these
4  claims, Ms. Brackett has waited to plead the claims until discovery permits her to
5  allege them with greater specificity.
6  All of this further information, whether required for adding parties, claims, or
7  otherwise amending her pleadings, will be available to Ms. Brackett in the discovery
8  process.  Yet discovery does not open until July 8, the same day presently set for
9  Ms. Brackett's deadline to seek leave to amend.  *Cf. Noyes v. Kelly Services*, 488 F.3d
10  1163, 1174 (9th Cir. 2007) (abuse of discretion not to modify scheduling order where
11  movant who *was* permitted discovery nevertheless could not meet deadline through
12  reasonable diligence).
13  Ms. Brackett is mindful of the Court's desire to move this case forward briskly
14  and to eliminate unnecessary delay.  She shares the Court's concerns, and she
15  appreciates the Court's expedited schedule.  By this motion she requests amendment
16  only of her deadline to amend her complaint, *if* and *as* appropriate in light of what
17  she learns in discovery.
18
19  II.     THE BASIS OF THE REQUESTED DEADLINE
20  The requested 105-day amendment period was chosen as follows.
21  Ms. Brackett will immediately serve a first set of discovery requests, either on the
22  opening day of discovery or the very next day.  In interrogatories and document
23  requests, Ms. Brackett will seek the identities of other individuals and entities that
24  were involved in copying and other infringing activities.  She will also seek the
25  identities of all Hilton franchisees that may have committed infringing activities.
26  These discovery requests will have a thirty-day-plus-five return date.
27  Assuming the defendants provide timely and complete responses, Ms. Brackett will

need to review these material and then prepare and serve discovery requests (in the form of subpoenas to third parties in various federal districts in the U.S.) to gather documents sufficient to determine whether copyright infringement by third parties has occurred.  Assuming Ms. Brackett completes these tasks within five days, she will have to wait another thirty days, at best, before she has substantive responses.  Under this scenario it will now be seventy days from the opening of discovery.  Ms. Brackett will now likely need to schedule depositions in the various federal districts in order to determine who was infringing.  She may also need to file a third batch of thirty-day discovery requests to follow up on potential claims or defendants that came to light only in response to the latest batch of discovery.  Ms. Brackett's proposed deadline would give her thirty-five additional days to conduct this final pre-amendment discovery and to draft and seek leave to file her amended pleadings.

All of this presupposes timely and complete discovery responses by the Hilton and Barry defendants.  If there are discovery disputes of any kind, or even any delays, Ms. Brackett would likely not be able to meet her proposed deadline.  But in this case she will lay before the Court her diligence in conducting discovery, and seek post-deadline leave to amend for good cause.

### III.     CONCLUSION

For these reasons Ms. Brackett respectfully requests that Court amend its Case Management Order to allow her until October 21, 2008 to add parties or claims to her complaint, or otherwise to amend it.

1  RESPECTFULLY SUBMITTED,

2

3  DATED: July 7, 2008                THE BERNSTEIN LAW GROUP, P.C.

4

5                                     By:  _____/s/_____
                                              Marc N. Bernstein
6

7                                     Attorneys for Plaintiff
                                      BERENICE BRACKET
8