Thomas J. Speiss, III (Bar No. 200949)
VENABLE LLP
2049 Century Park East, Suite 2100
Los Angeles, California 90067
Telephone: (310) 229-9900
Facsimile: (310) 226-9901
tspeiss@venable.com

Counsel for Defendants HILTON HOTELS CORP.,
HILTON SUPPLY MANAGEMENT, INC., KEVIN A. BARRY,
and KEVIN BARRY FINE ART ASSOCIATES

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF CALIFORNIA**
**SAN FRANCISCO DIVISION**

| | |
|---|---|
| BERENICE BRACKETT,<br><br>　　　　Plaintiff,<br>　　vs.<br>HILTON HOTELS CORP., et al.,<br><br>　　　　Defendants. | Case No. C08-2100-WHA<br><br>**DEFENDANTS' ANSWER TO PLAINTIFF'S COMPLAINT** |

COMES NOW the Defendants Hilton Hotels Corporation, Hilton Supply Management, Incorporated, Kevin A. Barry, and Kevin Barry Fine Art Associates (collectively "Defendants"), by and through their attorneys, answers the allegations of Plaintiff Berenice Brackett as follows:

## ANSWER TO PLAINTIFF'S COMPLAINT

Defendants admit the allegation in Plaintiff's initial unnumbered, introductory paragraph that the allegedly infringing works are not identical to the works allegedly created by Plaintiff. Defendants deny the remaining allegations contained within Plaintiff's initial unnumbered, introductory paragraph. (This unnumbered paragraph is part of the Complaint at 1:23-2:6.)

## JURISDICTION

1. Defendants admit the allegations contained within Paragraph One (1) of the Complaint with respect to subject matter jurisdiction over Plaintiff's First and Second Causes of Action only. Defendants deny any other allegations set forth in Paragraph One (1) of the Complaint.

2. Defendants admit the allegations contained within Paragraph Two (2) of the Complaint with respect to Plaintiff's state law claims arising out of the same case and controversy as her copyright infringement claims only. Defendants deny each and every additional allegation of Paragraph Two (2) of the Complaint.

## VENUE

3. Defendants deny each and every allegation of Paragraph Three (3) of the Complaint.

4. Defendants admit the allegation in Paragraph Four (4) with respect to this being an intellectual property action.

## PARTIES

5. Defendants deny each and every allegation contained within Paragraph Five (5) of the Complaint on the basis that Defendants are without sufficient knowledge or information to form a belief as to the truth of the allegation contained therein.

6. Defendants admit the allegation contained within Paragraph Six (6) that Hilton Hotels Corp. is incorporated under the laws of Delaware, registered to do business in California, and headquartered at 9336 Civic Center Drive, Beverly Hills, California. Defendants deny any other allegation set forth in Paragraph Six (6) of the Complaint.

7. Defendants admit the allegation contained within Paragraph Seven (7) that Hilton Supply Management, Inc. is a subsidiary of Hilton Hotels Corp., incorporated under the laws of Delaware, registered to do business in California, and

1  headquartered at 9336 Civic Center Drive, Beverly Hills, California.  Defendants deny
2  any other allegation set forth in Paragraph Seven (7) of the Complaint.

3      8.    Defendants admit the allegation contained within Paragraph Eight (8) that
4  Kevin A. Barry is an individual residing in California.  Defendants affirmatively aver
5  that Kevin A. Barry resides in the Los Angeles area.  Defendants deny any other
6  allegation set forth in Paragraph Eight (8) of the Complaint.

7      9.    Defendants admit the allegation contained within Paragraph Nine (9) that
8  Kevin Barry Fine Art Associates is a California corporation with a business address of
9  8210 Melrose Avenue, Los Angeles, California.  Defendants deny any other allegation
10 set forth in Paragraph Nine (9) of the Complaint.

11     10.    Defendants deny each and every allegation contained within Paragraph
12 Ten (10) of the Complaint on the basis that Defendants are without sufficient
13 knowledge or information to form a belief as to the truth of the allegation contained
14 therein.

15     11.    Defendants deny each and every allegation contained within Paragraph
16 Eleven (11) of the Complaint on the basis that Defendants are without sufficient
17 knowledge or information to form a belief as to the truth of the allegation contained
18 therein.

19 <u>ALLEGED FACTS</u>

20     12.    Defendants deny each and every allegation contained within Paragraph
21 Twelve (12) of the Complaint on the basis that Defendants are without sufficient
22 knowledge or information to form a belief as to the truth of the allegation contained
23 therein.

24     13.    Defendants deny each and every allegation contained within Paragraph
25 Thirteen (13) of the Complaint on the basis that Defendants are without sufficient
26 knowledge or information to form a belief as to the truth of the allegation contained
27 therein.
28

VENABLE LLP
2049 CENTURY PARK EAST, SUITE 2100
LOS ANGELES, CA 90067
310-229-9900

14.   Defendants deny each and every allegation contained within Paragraph Fourteen (14) of the Complaint on the basis that Defendants are without sufficient knowledge or information to form a belief as to the truth of the allegation contained therein.

15.   Defendants admit the allegation contained within Paragraph Fifteen (15) that Kevin A. Barry purchased three giclees. Defendants deny each and every other allegation contained within Paragraph Fifteen (15) of the Complaint.

16.   Defendants deny each and every allegation contained within Paragraph Sixteen (16) of the Complaint.

17.   Defendants admit the allegation contained within Paragraph Seventeen (17) that 934 of the allegedly infringing prints were sold to the Hilton. Defendants deny each and every other allegation contained within Paragraph Seventeen (17) of the Complaint.

18.   Defendants admit the allegation contained within Paragraph Eighteen (18) that Homewood Suites is a division of Hilton Hotels Corp. Defendants deny any other allegation set forth in Paragraph Eighteen (18) of the Complaint.

19.   Defendants admit the allegation contained within Paragraph Nineteen (19) that the allegedly infringing works have appeared on the Homewood Suites web pages. Defendants deny each and every other allegation contained within Paragraph Nineteen (19) of the Complaint.

20.   Defendants admit the allegation contained within Paragraph Twenty (20) that the allegedly infringing works are not identical to the works allegedly created by Plaintiff. Defendants deny any other allegation set forth in Paragraph Twenty (20) of the Complaint.

21.   Defendants deny each and every allegation contained within Paragraph Twenty-one (21) of the Complaint.

### First Cause of Action

22. Defendants incorporate by reference their Answers set forth above in Paragraphs One (1) through Twenty-one (21) as though set forth in full herein.

23. Defendants deny each and every allegation contained within Paragraph Twenty-three (23) of the Complaint.

24. Defendants deny each and every allegation contained within Paragraph Twenty-four (24) of the Complaint.

25. Defendants deny each and every allegation contained within Paragraph Twenty-five (25) of the Complaint.

26. Defendants deny each and every allegation contained within Paragraph Twenty-six (26) of the Complaint.

27. Defendants deny each and every allegation contained within Paragraph Twenty-seven (27) of the Complaint.

### Second Cause of Action

28. Defendants incorporate by reference their Answers set forth above in Paragraphs One (1) through Twenty-seven (27) as though set forth in full herein.

29. Defendants deny each and every allegation contained within Paragraph Twenty-nine (29) of the Complaint.

30. Defendants deny each and every allegation contained within Paragraph Thirty (30) of the Complaint.

### Third Cause of Action

31. Defendants incorporate by reference their Answers set forth above in Paragraphs One (1) through Thirty (30) as though set forth in full herein.

32. Defendants deny each and every allegation contained within Paragraph Thirty-two (32) of the Complaint on the basis that Defendants are without sufficient knowledge or information to form a belief as to the truth of the allegation contained therein.

33. Defendants deny each and every allegation contained within Paragraph Thirty-three (33) of the Complaint.

34. Defendants deny each and every allegation contained within Paragraph Thirty-four (34) of the Complaint.

35. Defendants deny each and every allegation contained within Paragraph Thirty-five (35) of the Complaint.

36. Defendants deny each and every allegation contained within Paragraph Thirty-six (36) of the Complaint.

## Fourth Cause of Action

37. Defendants incorporate by reference their Answers set forth above in Paragraphs One (1) through Thirty-six (36) as though set forth in full herein.

38. Defendants deny each and every allegation contained within Paragraph Thirty-eight (38) of the Complaint on the basis that Defendants are without sufficient knowledge or information to form a belief as to the truth of the allegation contained therein.

39. Defendants deny each and every allegation contained within Paragraph Thirty-nine (39) of the Complaint.

40. Defendants deny each and every allegation contained within Paragraph Forty (40) of the Complaint.

41. Defendants deny each and every allegation contained within Paragraph Forty-one (41) of the Complaint.

42. Defendants deny each and every allegation contained within Paragraph Forty-two (42) of the Complaint.

## Affirmative Defenses

Pleading further and without waiving the above Answer, Defendants assert that Plaintiff's claims are barred in whole or in part, based on one or more of the following affirmative defenses:

### First Affirmative Defense – Failure to State a Claim for Relief

43. Plaintiff fails to state a claim upon which any relief can be granted.

### Second Affirmative Defense – Fault of Others

44. Defendants allege any damages, injuries, and/or losses were approximately caused and contributed to by the misconduct of parties other than Defendants.

### Third Affirmative Defense – Failure to Mitigate

45. Plaintiff failed to appropriately mitigate the alleged damages, injuries, and her losses. Therefore, any recovery against Defendant should be barred or reduced accordingly.

### Fourth Affirmative Defense – Statute of Limitations

46. Defendants are informed and believe and thereon allege that the Complaint in each and every alleged cause of action contained therein is barred by applicable statute of limitations.

### Fifth Affirmative Defense – Estoppel and Waiver

47. Plaintiff is estopped from recovering any damages, injuries, and/or losses from Defendants as a result of Plaintiffs conduct and of the conduct of others.

### Sixth Affirmative Defense – Laches

48. Plaintiff's claims are barred in whole or in part by the Doctrine of Laches.

### Seventh Affirmative Defense – Unclean Hands

49. Plaintiff's claims are barred in whole or in part by the Doctrine of Unclean Hands.

### Eighth Affirmative Defense – Damages are Speculative

50. Plaintiff's damages are speculative.

### Ninth Affirmative Defense – Reservation of Rights

51. Defendants reserve the right to assert other affirmative defenses which have become appropriate after discovery.

### Tenth Affirmative Defense – Copyright Misuse

52. Plaintiff has engaged in copyright misuse through the filing of this Complaint.

WHEREFORE, the Defendant prays that the Plaintiffs take nothing by reason of their complaint and that the same be dismissed with prejudice and that Defendant be awarded to recover attorneys fees included herein to the extent permitted by law, contract or statute.

WHEREFORE, that the Defendants recover the costs of suit herein, attorneys' fees, and/or that Defendants be granted such further relief as the Court deems just and proper.

DATED: July 14, 2008

VENABLE LLP

_____
Thomas J. Speiss, III
Counsel for Defendants

## **CERTIFICATE OF SERVICE**

I hereby certify that on July 14, 2008, I caused the foregoing to be electronically filed with the Clerk of the Court using CM/ECF which will send electronic notification of such filing to the following:

>Marc N. Bernstein, Esq.
>
>Susan S. Boranian, Esq.
>
>The Bernstein Law Group, P.C.
>
>555 Montgomery Street, Suite 1650
>
>San Francisco, CA 94111
>
>mbernstein@blgrp.com

DATED: July 14, 2008

VENABLE LLP

_____
Thomas J. Speiss, III
Counsel for Defendants